**M. B. BALDRIDGE and Leo W. Imhauser, Plaintiffs-Appellants,**

v.

**McPIKE, INC., a Missouri corporation, et al., Defendants-Appellees.**

No. 72–1128.

United States Court of Appeals, Tenth Circuit.

Aug. 23, 1972.

Holmes Baldridge, Denver, Colo. (Royce H. Savage, Tulsa, Okl., on the brief), for plaintiffs-appellants.

Kent E. Whittaker, Kansas City, Mo. (Oscar S. Brewer, Kansas City, Mo., and Bryan W. Tabor, Tulsa, Okl., on the brief), for defendants-appellees.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a final order of the United States District Court for the Northern District of Oklahoma, entered on September 1, 1971, dismissing all defendants except one in a class suit, and from a final order entered by the same court on December 10, 1971, dismissing the action.

M. B. Baldridge and Leo W. Imhauser, the named plaintiffs below, are salesmen who worked for one of the defendant companies, Niles & Moser Cigar Company (Niles & Moser), a Missouri corporation. Neither was ever employed by any other defendant. Three of the defendant companies were dissolved in 1970; the plaintiffs' complaint is based on alleged wrongs resulting from the dissolution. The claims include non-payment of two weeks vacation pay and severance pay, underpayment of amounts due under a pension plan, and defamation of credit and harassment. Baldridge and Imhauser sued as representatives of approximately 100 salesmen formerly employed by the three liquidated defendant companies.

Plaintiffs named eight defendants as co-conspirators in an alleged combination to bring about the wrongs set forth in the complaint. Three corporations (the cigar companies) which had been engaged in cigar distribution in various midwestern states were named as defendants. Niles & Moser, the former

employer of the named plaintiffs, was one of the defendants. A Missouri corporation headquartered in Kansas City, Missouri, Niles & Moser, conducted cigar distribution in Missouri, Iowa, Nebraska, Kansas and Oklahoma, and was qualified to do business in the State of Oklahoma.

The Niles and Moser Cigar Company of Colorado (Niles and Moser Colorado) was a Colorado corporation headquartered in Denver, Colorado. Niles and Moser Colorado conducted cigar distribution in Colorado, New Mexico, Arizona, Nebraska, South Dakota and Wyoming. A very limited distribution was undertaken in the State of Oklahoma in 1963, and the corporation was qualified to do business therein on August 22, 1963. All activities were shortly discontinued in Oklahoma, and on November 17, 1964, it was ousted as a foreign corporation from the State of Oklahoma. No business was transacted in Oklahoma from the date of the ouster.

Southwest Cigar Company (Southwest) was a Missouri corporation headquartered in Dallas, Texas. Southwest conducted cigar distribution in Texas and Arkansas. No business was ever transacted in Oklahoma.

McPike, Inc. (McPike), a Missouri corporation formed in 1950, was likewise named a defendant. McPike engages in the business of wholesaling drugs and toilet supplies in Missouri and Kansas. McPike has never been qualified to conduct business in the State of Oklahoma, although telephone orders are received from there. The orders are accepted and shipped in Kansas City, Missouri; title to the merchandise passes upon delivery of the merchandise to the common carrier in Kansas City, Missouri. McPike acquired the three cigar companies by merger in 1961. From that time until the liquidation of the cigar companies, interlocking directorates were maintained. In 1963, McPike and the three cigar companies adopted noncontributing pension plans for the employees of each respective company.

Four individual defendants were also named in the complaint. Mr. R. O. Stenzel, chairman of the board of directors of the now liquidated cigar companies and of McPike, lives in Colorado. He has not been in Oklahoma since 1965, and before that time had no connection with the State of Oklahoma except to pass through it as a tourist. Mr. Merle O. Sperry, president and director of the cigar companies and McPike, lives in Kansas. He has only been in Oklahoma twice: in 1960 attending a convention, and in 1965 to confer with the Oklahoma State Tax Commission on behalf of Niles & Moser. Sperry was trustee of the pension plan of each cigar company. Stenzel's two sons, John and William, were also named as defendants. John was an officer of McPike, but never an officer of any of the cigar companies. William was never an officer of any of the corporate defendants.

On June 24, 1969, McPike and each cigar company jointly adopted a plan of liquidation for the cigar companies. Each cigar company was directed to collect its assets and to satisfy its liabilities and obligations. All employee benefits were to be paid, and all debts due such company from employees were to be collected. On October 31, 1969, the directors of the cigar companies decided that the interest of each cigar company in the trust fund was to be segregated and that thereafter such interest was to be continued as a separate trust fund under a separate pension plan for each cigar company. The corporate existence of Niles and Moser Colorado was terminated on February 13, 1970; the corporate existence of Niles & Moser and of Southwestern was terminated on February 18, 1970. Each company's pension plan was terminated simultaneously with the termination of the corporate existence of the three cigar companies. The benefits due each participant were calculated, and benefit checks were forwarded by the trustee to the participants in discharge of his obligations to them as trustee.

The complaint in the instant action was met by pleas to jurisdiction and venue, as well as by motions to dismiss by all defendants. The pleas to jurisdiction specifically challenged the jurisdictional sum. The pleas and motions were supported by the affidavits of all of the individual defendants. Plaintiffs offered no additional evidence, and stood on the complaint.

After consideration of the affidavits, briefs of counsel and oral arguments, the trial court found that it lacked personal jurisdiction of all the defendants except Niles & Moser; the action was thus dismissed against all defendants except Niles & Moser. In view of the challenge to the jurisdictional sum, the court ordered plaintiffs to present sufficient proof of the jurisdictional amount. No additional proof was presented and no amended complaint was filed or tendered; the trial court held that the jurisdictional amount was lacking and therefore dismissed the action against the remaining defendant, Niles & Moser. It is from these decisions of the trial court that Baldridge and Imhauser appeal.

Appellants present three arguments in support of this appeal: first, that the court below erred in dismissing the complaint on the ground that the amount in controversy did not exceed the required jurisdictional amount; second, that the trial court had jurisdiction over all defendants; and third, that the named plaintiffs are fairly and adequately representative of the class. We have reviewed the record, and conclude that the trial court's decisions are adequately supported by the evidence. Accordingly, we affirm dismissal of the action.

 The trial court correctly ruled that it had personal jurisdiction of Niles & Moser and did not have personal jurisdiction over the other appellees. Appellants argued below and argue here that as all appellees were engaged in a conspiracy to perpetrate the wrongs enumerated in the complaint, personal jurisdiction of one conspirator gives personal jurisdiction of all parties to the conspiracy. Mere allegation of conspiracy, without some sort of prima facie factual showing of a conspiracy, cannot be the basis of personal jurisdiction of co-conspirators outside the territorial limits of the court.[1] The requirement of a prima facie factual showing is necessitated by the minimum contacts requirement of International Shoe Co. v. Washington and its progeny.[2] In a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who shoulders the burden of proof by preponderance of the evidence.[3] As the mere allegation of conspiracy was controverted by the affidavits presented by the alleged co-conspirators in support of their denial of the conspiracy, the trial court correctly found that it had personal jurisdiction only of Niles & Moser, and dismissed the action as to the other appellees.

 The trial court further correctly dismissed the action because the amount in controversy did not exceed the sum of $10,000 exclusive of interest and costs. It is well established in this Circuit that if the sufficiency of the amount in controversy is questioned, the plaintiff has the burden of proving jurisdiction.[4] The appellees presented

1. H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories, 384 F.2d 97 (2d Cir. 1967); Bertha Bldg. Corp. v. Nat'l Theatres Corp., 248 F.2d 833 (2d Cir. 1957), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811.

2. Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); McGee v. Int'l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

3. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

4. Young v. Cooperative Refinery Ass'n, 320 F.2d 485 (10th Cir. 1963); City of Lawton, Okla. v. Chapman, 257 F.2d 601 (10th Cir. 1958). See also KVOS,

evidence of full payment of certain of appellants' liquidated claims; the appellants failed to present any evidence in support of their various claims, whether liquidated or unliquidated. The appellants thus failed to meet the burden of proof in the challenge to the jurisdictional amount; we affirm the trial court's dismissal of the complaint against Niles & Moser on the basis of lack of the jurisdictional amount.

As we affirm the trial court's dismissal of the complaint for lack of personal jurisdiction and of the jurisdictional amount, we decline to treat appellants' argument that they are fairly and adequately representative of the class.

Affirmed.

Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); McNutt v. Gen. Motors Acceptance Corp., *supra*; J. Moore, 1 Moore's Federal Practice, 838-9 (2d ed. 1961).