The BENNETT WAITES CORPORATION, a Colorado corporation; and Joseph Monaco, Plaintiffs,

v.

PIEDMONT AVIATION, INC., a North Carolina corporation; and International Air Leases, Inc., a Delaware corporation, Defendants.

Civ. A. No. 82-C-986.

United States District Court, D. Colorado.

May 27, 1983.

Philip E. Lowery, Denver, Colo., for plaintiffs.

Harlan G. Balaban, Kenneth L. Levinson, Balaban & Lutz, P.C., Denver, Colo., for defendant IAL.

Kenneth B. Siegel, Sherman & Howard, Denver, Colo., for defendant Piedmont.

## ORDER

CARRIGAN, District Judge.

Defendant International Air Leases, Inc. ("IAL") has filed a motion to dismiss the plaintiffs' claims for lack of jurisdiction over the person. The issues have been thoroughly briefed. Evidence was received and argument heard at a hearing on the motion.

Plaintiff Bennett Waites Corporation is a Colorado brokerage firm handling purchases and sales of airplanes. Plaintiff Joseph Monaco lives in, and is a citizen of, Philadelphia, Pennsylvania. Defendant Piedmont Aviation, Inc. ("Piedmont") is a North Carolina corporation. Defendant IAL is a Delaware corporation with its principal place of business in Miami, Florida.

This action arose from the sale of a Boeing 737 jetliner. Joseph Monaco, of Hughes Aviation, was contacted in Las Vegas, Nevada, and informed that IAL had a plane for sale. Monaco contacted Bennett Waites, president of Bennett Waites Corporation. Waites then called Piedmont in an effort to sell Piedmont the plane. Waites testified that he, as president of the plaintiff corporation, negotiated with a Piedmont representative about the sales price, commission, and inspection of the aircraft in Dallas.

Waites then placed two telephone calls, from Denver, to John Batchelor of IAL, in Miami, to obtain details about the place and conditions for the sale. Batchelor returned the calls and provided the requested information. Ultimately, IAL sold Piedmont the airplane without the plaintiffs' intervention. Plaintiffs claim that because this sale was made directly, rather than through them as brokers, they were wrongfully deprived of a seven percent commission amounting to $385,000.00.

The complaint is framed in two counts. The first alleges a breach of implied contract; the second asserts a civil conspiracy between the two defendants.

Plaintiffs contend that personal jurisdiction over IAL may be founded on either of two theories. First, the plaintiffs argue that personal jurisdiction may be founded on the telephone calls themselves, which, it is claimed, ultimately caused a tort within Colorado. See C.R.S. § 13–1–124(1)(b) (1973). Second, the plaintiffs contend that personal jurisdiction over IAL may be predicated on the civil conspiracy claim. In essence they contend that because personal jurisdiction over one alleged co-conspirator, Piedmont, is admitted, this court can bootstrap jurisdiction over the other alleged co-conspirator, IAL, through the claimed conspiracy relationship.

Decision of the instant motion to dismiss hinges primarily on the phone calls placed by Waites, from Denver, to Batchelor, in Miami. It is agreed that: (1) IAL has no offices in Colorado, (2) IAL generally solicits no business in Colorado, and (3) no IAL personnel entered Colorado in connection with this transaction. Waites' two phone calls, from Denver, to IAL, in Miami, comprise IAL's only connections or contacts with Colorado.

Fed.R.Civ.P. 4(d)(7) and 4(e) contemplate that in a diversity action, *in personam* jurisdiction may only be obtained by a federal district court in accordance with the law of the state in which the court sits. *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir.1963) (*en banc*). The Colorado "long-arm" statute, C.R.S. §§ 13–1–124, 13–1–125 (1973 & Supp.1982), has been interpreted to extend the jurisdiction of the Colorado courts to the fullest extent permitted by the United States Constitution. *Jenner & Block v. District Court,* 197 Colo. 184, 590 P.2d 964 (1978); *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1969). The "fullest extent" is a due process inquiry which turns on the defendant's contacts with Colorado. *World-Wide Volkswagen Corp. v. Woodson,* 444

U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■ Plaintiffs first argue, citing *Ghazoul v. International Management Services, Inc.,* 398 F.Supp. 307 (S.D.N.Y.1975), that IAL's "solicitation" was adequate to establish jurisdiction here. Defendant in *Ghazoul* contended, as IAL contends, that it was not subject to the court's jurisdiction because it had never entered the state. Defendant (in *Ghazoul*) admitted, however, "that it fulfilled its role in the subject transaction by means of the mails and by telephone." *Id.* at 313. The court held that even though the defendant had not set foot in the state, it had engaged in extensive purposeful activity there. *Id.* at 313.

The facts of the case before me, however, are quite different. IAL's activity, if it can even be considered to be within the state of Colorado, was neither extensive nor purposeful.

Plaintiffs assert that even if IAL never entered Colorado, the telephone calls caused a tort in this state. I disagree. Unlike a situation where specific misrepresentations have been made by telephone from out-of-state into the forum state, the telephone conversations here in question cannot be deemed to have constituted substantial action resulting in tortious conduct. *Compare J.E.M. Corporation v. McClellan,* 462 F.Supp. 1246 (D.Kan.1978).

The conversations here, according to Waites' testimony, were nothing more than informational. Phone calls and letters of this nature are inadequate to support a finding of personal jurisdiction. *American Steel, Inc. v. Cascade Steel Rolling Mills, Inc.,* 425 F.Supp. 301 (S.D.Tex.1980), *aff'd.,* 548 F.2d 620 (5th Cir.1977); *Selman v. Harvard Medical School,* 494 F.Supp. 603 (S.D.N.Y.1980), *aff'd.,* 636 F.2d 1204 (2d Cir.1980).

■ Second, the plaintiffs contend that jurisdiction may be founded on the alleged conspiracy between the two defendants. I cannot find that an adequate basis exists for even a *prima facie* assertion of a conspiracy. All of either defendant's alleged acts, which might be considered elements of a conspiracy, occurred outside Colorado. Additionally, the mere conclusory statements in the complaint are inadequate to constitute sufficient pleading of a conspiracy as required by *Baldridge v. McPike,* 466 F.2d 65 (10th Cir.1972).

Some courts have recognized a conspiracy theory of personal jurisdiction where jurisdiction is obtained over out-of-state defendants who have conspired with in-state defendants. In those situations, however, something more has been shown than the mere presence of one of the conspirators in the forum state. *Glaros v. Perse,* 628 F.2d 679, 682 (1st Cir.1980). For example, "substantial acts" committed in the forum state in furtherance of the conspiracy are necessary to subject the alleged co-conspirator to the forum court's personal jurisdiction. *Glaros,* 628 F.2d at 682; *see also Kramer Motors, Inc. v. British Leyland, Ltd.,* 628 F.2d 1175, 1178 (9th Cir.1980), *cert. denied,* 449 U.S. 1062, 101 S.Ct. 785, 66 L.Ed.2d 604 (1980).

The assertion of jurisdiction through conspiracy in the instant case hangs on the two allegedly conspiratorial phone calls, above mentioned, from the plaintiff Waites in Colorado to the alleged co-conspirator IAL in Florida. Obviously, these conversations could not have given rise to a conspiracy between the co-defendants. Furthermore, any meetings between the defendants occurred in Texas and elsewhere outside of Colorado. Although the alleged "victim" of the asserted conspiracy, Bennett Waites, is a citizen of Colorado, that fact alone cannot support a finding of jurisdiction in this court.

I find and conclude, therefore, that neither of the bases asserted by the plaintiffs is adequate to establish personal jurisdiction over IAL.

Accordingly,

IT IS ORDERED that the defendant International Air Leasing, Inc.'s motion to dismiss for lack of jurisdiction is granted. The complaint and action are dismissed as against IAL, without prejudice.