**Dorothy NEWMAN, Plaintiff,**
**v.**
**George FLEMING et al., Defendants.**
**Civ. A. No. 730.**

United States District Court,
S. D. Georgia,
Waycross Division.

Aug. 12, 1971.

Allan G. Cohen, Miami, Fla., J. Baker McGee, Waycross, Ga., for plaintiff.

Albert Fendig, Jr., Brunswick, Ga., for defendants.

## SECOND ORDER

LAWRENCE, Chief Judge.

I previously ruled on the applicability of the Tennessee statute of limitations to this litigation. Since then the administrators C.T.A. of the deceased pilot, who are citizens of that State have been made parties.[1] Defendants move to dismiss the complaint on the ground of lack of jurisdiction. Counsel argues that the "Long Arm" statute does not confer jurisdiction over

1. The "Long Arm" statute confers jurisdiction over nonresident or his executor or administrator. Ga.Code Ann. § 24–113.1.

an action for damages by a citizen of Florida against the administrators of a deceased airplane pilot, who resided in Tennessee, growing out of the death of a passenger in a plane which crashed in Ware County, Georgia, as a result of alleged gross negligence in the operation thereof under hazardous weather conditions. Counsel thus poses the issue:

"The question involved in the instant case is whether the single event of an airplane crash occurring in the State of Georgia, and which involves no other contact with said State, nor any substantive rights of Georgia citizens, would allow a nonresident plaintiff to take advantage of the Long Arm Statute of Georgia to revive a cause of action elsewhere barred by limitations."

The matter of service in this action for damages for a tort which occurred in 1969 is governed by the Act of 1966. It provides that the courts of Georgia may exercise personal jurisdiction over a nonresident who "commits a tortious act or omission within this state."[2] In the present case the tortious act (negligently flying the plane under hazardous weather conditions) was committed in Georgia and the fatal crash occurred here. In my opinion, Georgia has a legitimate interest in the safety of airplane flights in the skies above it.[3] It has an interest, too, in the matter of compensating persons tortiously injured while within this State.

It is easier to obtain jurisdiction over a nonresident tort feasor than over a nonresident wrongdoer in fields other than torts. In the latter instance jurisdiction is posited under the statute on the defendant's transacting any business in this State (Ga.Code Ann. § 24–113. 1(a)) and in such cases Due Process must be satisfied by the existence of "minimum contacts" of the nonresident in the state in which he is sued. See McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. Substituted service on a nonresident who enters into a single contract of purchase by signing same in a state or mailing it to a resident thereof is not valid as far as Georgia courts are concerned. Allied Finance Company, Inc. v. Prosser, 103 Ga.App. 538, 119 S.E.2d 813.

Jurisdiction over nonresidents in tort actions carries no such impedimenta. The minimum contacts requirement does not have to read into the language "Commits a tortious act or omission within this state." Where a nonresident enters a state and commits a tort no showing of continuous activity in the jurisdiction is required. Jurisdiction is sustained by the commission of a single tort. See Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673; Smyth v. Twin State Improvement Corp., 116 Vt. 569, 80 A.2d 664. It is true that the appellate courts of Georgia have not passed upon a "single tort" case where service was effected under the "Long Arm" statute. Jurisdiction in this State over nonresident motorists has been upheld (Peterson, Administrator et al. v. Wade, 222 Ga. 805, 152 S.E.2d 745; Wood v. Wm. B. Reilly & Co., Inc., D.C., 40 F.Supp. 507) and I can see no Fourteenth Amendment problem where a pilot rather than a motorist is involved in tortious conduct in this State.

Given this case, I am satisfied that the Georgia courts would hold as I do. The motion to dismiss for want of jurisdiction is overruled.

---

2. In 1970 the statute was amended so as to cover a "tortious act or omission within this State" or one occurring without the State if the tort feasor does business here or "engages in any other persistent course of conduct * * * in this State."

3. Georgia has a statute which provides that the liability of the operator of an aircraft carrying passengers for injury or death shall be determined by the rules of law applicable to torts on land arising out of similar relationships. Ga.Code Ann. § 11–107.