No. 25716

Texair Flyers, Inc., a Texas corporation, and Jean Van Trump, as Administratrix of the Texas Estate of Richard J. Van Trump, Deceased v. District Court, First Judicial District, State of Colorado, and George G. Priest, Judge thereof

(506 P.2d 367)

Decided February 13, 1973.

Renner and Goss, Paul D. Renner, for petitioner Jean Van Trump.

Tilly and Graves, James L. Tilly, for petitioner Texair Flyers, Inc.

L. B. Ullstrom, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding by which petitioners seek to prohibit the district court of Jefferson County from exercising *in personam* jurisdiction over petitioners in Civil Action No. 37530, entitled Zada R. Frazier v. Donald G. Hanhardt, et al., and in Civil Action No. 39201, entitled Zahava Sweet v. Donald G. Hanhardt, et. al. In these actions petitioners, who were residents of Texas, were named as defendants. The challenged *in personam* jurisdiction was obtained under prescribed procedures of 1965 Perm. Supp., C.R.S. 1963, 37-1-26 and 27. We issued our rule to show cause and the matter is now at issue. We affirm the ruling of the trial court and discharge the rule.

The underlying controversy between the parties arose out of an airplane crash which occurred on June 26, 1970, near Montrose, Colorado. As a result of this accident, the pilot of the airplane, Richard J. Van Trump, and his two passengers, W. H. Frazier and Richard H. Sweet, were killed. Zada R. Frazier and Zahava Sweet, as surviving widows of the two deceased passengers, brought their respective negligence actions against petitioners, Texair Flyers, Inc., the owner of the aircraft involved, and Jean Van Trump in her representative capacity as administratrix of the Texas estate of Richard J. Van Trump, the deceased pilot of the aircraft.

The trial court denied petitioner's motions to quash the service of summons in each case and ordered petitioners to answer the complaints.

The provisions of the so-called "long-arm statute" pertinent to this proceeding, Section 37-1-26(1)(a) and (c), and Section 37-1-27(1), provide:

"Jurisdiction of courts. — (1)(a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an

agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:

\* \* \*

"(c) The commission of a tortious act within this state;

\* \* \*

"Service of process. — (1) Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state."

The complaints, which were essentially the same in each district court action, set forth claims for relief based on negligence, substantially as follows:

As to Jean Van Trump, as administratrix of the estate of Richard J. Van Trump, the deceased pilot, it is claimed that he was a resident of Texas and was piloting an aircraft of which he had the sole and exclusive control, and which he flew from Texas into Colorado where it crashed by reason of his negligent operation, resulting in his death and the death of his two passengers, W. H. Frazier and Richard H. Sweet; and that Jean Van Trump was the duly appointed administratrix of his estate in Texas.

As to Texair Flyers, Inc., it is claimed that this corporation was engaged in the business of giving flight instruction, renting and chartering aircraft, in Fort Worth, Texas, and was the owner of the aircraft which crashed; that Texair rented the subject aircraft to decedent Van Trump for the purpose of a trip to Colorado; that Texair was under a duty to maintain the aircraft in a safe condition, but, owing to lack of proper maintenance and repair, the aircraft crashed in Colorado; that the interstate operation of the aircraft was caused or authorized by Texair and it is therefore liable for the negligence of the pilot, Van Trump, under Section 101(26) of the Federal Aviation Act of 1958, as amended [49 U.S.C. 1301(26)]; and that Texair was negligent in the further particulars including: (a) it failed to inspect and permitted the use of an unsafe and non-airworthy aircraft;

(b) it failed to determine the proficiency of the pilot, Van Trump, to operate the aircraft under probable conditions; (c) it failed to give the pilot, Van Trump, an adequate check-out flight; and it negligently entrusted the aircraft to Van Trump.

Texair, in support of its motion to quash, filed affidavits disputing the material allegations of the complaints and denied that it or its agents ever transacted business or committed a tortious act within the state of Colorado.

Texair argues here that plaintiffs should have been required to make a showing to counter its affidavits disputing the jurisdictional facts. The transcript of proceedings in the trial court is not before us and we do not know what, if anything, was presented by plaintiffs in this respect. However, as we view the burden imposed upon one who seeks his remedy under the long-arm statute, he must allege in the complaint sufficient facts to support a reasonable inference that defendants engaged in conduct described in the statute which subjects them to *in personam* jurisdiction. This burden having been met, the process is not vulnerable to a motion to quash based upon lack of jurisdiction. It would not be a reasonable procedure to require a plaintiff to prove the merits of his action − the commission of a tort within the state − in order to initially establish *in personam* jurisdiction. A prima facie showing of threshold jurisdiction is sufficient, and this may be determined from the allegations of the complaint. *Murphy v. Erwin Wasey, Inc.,* 460 F.2d 661 (1st Cir. 1972). *See also, Surpitski v. Hughes-Keenan Corp.,* 362 F.2d 254 (1st Cir. 1966); *United States v. Montreal Trust Co.* 358 F.2d 239 (2d Cir. 1966), *cert. denied,* 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440; *Alosio v. Iranian Shipping Lines, S.A.,* 307 F. Supp. 1117 (1970); *Bland v. Kentucky Fried Chicken,* 338 F. Supp. 871 (1971); *Wright and Miller, Federal Practice, Civil,* § 1068, p.250.

The question is whether the complaints set forth sufficient facts to bring the actions within the ambit of the long-arm statute, thereby subjecting the petitioners to *in personam* jurisdiction. We hold the complaints are sufficient in this respect.

The claims against Texair bring it squarely within the

principle announced in *Vandermee v. Dist. Ct.,* 164 Colo. 117, 433 P.2d 335, where it was held that negligent conduct initiated in a foreign state which proximately results in injury incurred in Colorado constitutes tortious conduct within the meaning of the long-arm statute. This Court adopted this statutory construction in *Vandermee, supra,* as consistent with the legislative purpose of providing a local forum for persons injured within the state by the tortious acts of nonresidents. In support of this interpretation, *see also, Murphy v. Erwin Wasey, Inc.,* 460 F.2d 661 (1st Cir. 1972); *Gray v. American Radiator & Standard Sanitary Corporation,* 22 Ill. 2d 432, 176 N. E.2d 761; *State v. Campbell,* 250 Or. 262, 442 P.2d 215; *Hanvy v. Crosman Arms Co.,* 466 S.W.2d 214 (Tenn.); *Bowen v. Bateman,* 76 Wash. 2d 567, 458 P. 269. We hold that the trial court was correct in ruling that an adequate showing of threshold jurisdiction has been made by the plaintiffs as to Texair.

 Texair also argues that, even assuming a tortious act committed within the state, still there must be additional "minimum contacts" in the state to meet the constitutional requirements of due process as required in the United States Supreme Court cases of *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. In *Vandermee, supra,* this Court noted such additional minimum contacts were present by reason of commercial transactions within the state of Colorado. However, the decision was not predicated upon such minimum contacts but rather upon the commission of the tortious act within the state. In *Newman v. Fleming,* 331 F. Supp. 973, a case also involving an airplane crash, the question was presented whether the single event of an airplane crash occurring in the state of Georgia, and which involved no other contact with the state, nor any substantive rights of Georgia citizens would allow a nonresident plaintiff to obtain jurisdiction over the nonresident defendant under the Georgia long-arm statute. The court stated as follows:

"It is easier to obtain jurisdiction over a nonresident tort feasor than over a nonresident wrongdoer in fields other than torts. In the latter instance jurisdiction is posited under the statute on the defendant's transacting any business in this State (Ga. Code Ann. § 24-113.(1)(a)) and in such cases Due Process must be satisfied by the existence of 'minimum contacts' of the nonresident in the state in which he is sued
. . . .

"Jurisdiction over nonresidents in tort actions carries no such impedimenta. The minimum contacts requirement does not have to read into the language 'Commits a tortious act or omission within this state.' Where a nonresident enters a state and commits a tort no showing of continuous activity in the jurisdiction is required. Jurisdiction is sustained by the commission of a single tort. See Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673; Smyth v. Twin State Improvement Corp., 116 Vt. 569, 80 A.2d 664 . . . ."
We approve the foregoing language and hold it applicable to the instant case.

The further argument of Texair that the trial court agreed to consider the motion to quash as a motion for summary judgment is not borne out by anything before us. We note the obviously inconsistent position of Texair, which appeared specially for the purpose of the motion to quash, urging that the motion be considered as one for summary judgment, which goes to the merits of the action.

As to Jean Van Trump, administratrix, it is argued that according to the general law *in personam* jurisdiction may not be obtained on a nonresident administrator or other personal representative by means of the long-arm statute. The statute in its express terms says otherwise: "Engaging in any act enumerated in this section by any person, * * * either in person or by an agent, submits such person, and, if a natural person *his personal representative,* to the jurisdiction of the courts of this state * * * " (Emphasis added.) As a general rule, the courts of one state do not ordinarily have jurisdiction over a foreign administrator or executor and

should not interfere with the administration of a decedent's estate in a foreign jurisdiction. However, this rule must give way to legislative enactments in appropriate circumstances, such as here, when an administrator's decedent has committed a tort in the state of the forum. *Hayden v. Wheeler,* 33 Ill. 2d 110, 210 N.E.2d 495. *See also, United States v. Montreal Trust Co.,* 358 F.2d 239 (2d Cir. 1966), *cert. denied,* 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440; *Newman v. Fleming,* 331 F. Supp. 973; *Barr v. MacHarg,* 203 Kan. 612, 455 P.2d 516; *Rosenfeld v. Hotel Corp. of America,* 20 N.Y.2d 25, 281 N.Y.S.2d 308, 228 N.E.2d 374. Also see cases collated in annotation at 19 A.L.R.3d 171 - 175.

We hold that Jean Van Trump, the Texas personal representative of the deceased nonresident tort-feasor, Richard J. Van Trump, was properly subject to jurisdiction of the court under the statute.

The rule is discharged.

MR. JUSTICE GROVES does not participate.