Michael P. CAWLEY, Plaintiff,

v.

L. W. MULLANE, E. A. Lowe, Jr., D. L. Coleman, B. H. McFeeley, J. D. Nichols, P. M. Arnold, V. J. Nielson, D. B. Lovejoy, K. R. Osborn, jointly and severally, as trustees of Idaho Nuclear Corporation, a dissolved Idaho Corporation and all unknown persons who were stockholders of Idaho Nuclear Corporation, upon dissolution of said Corporation, Defendants.

Civ. A. No. 78–A–886.

United States District Court, D. Colorado.

Feb. 8, 1979.

Michael J. Kudla, Longmont, Colo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This is a diversity action for injuries allegedly sustained by the plaintiff at the Idaho Nuclear Corporation plant in or near Idaho Falls, Idaho. The nine named defendants were directors of the now dissolved corporation, and on voluntary dissolution they became trustees supervising the dissolution process. The unnamed defendants are apparently shareholders who may have received distributions in dissolution. The corporation was a cost-plus contractor with the United States government engaged in work under the contract at the time of the alleged incidents. Pursuant to the terms of that contract the defendants are represented by the United States Department of Justice. The matter is before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure for want of jurisdiction over their persons and for insufficient service of process.

Defendants base their motion on the fact that five of the named defendants have not been served, and the remaining four were served outside of the District of Colorado. The Court file reflects that the United States Marshal's office returned unserved summonses for defendants Mullane, Love, Nichols, Lovejoy, and Osborn because the Marshals were unable to locate these individuals. Service was effected on defendants Arnold and Nielson in Bartlesville, Oklahoma, on September 5, 1978; service was effected on defendants Coleman and McFeeley in El Monte, California, on September 21 and October 12, 1978, respectively.

Rule 4(f) of the Federal Rules of Civil Procedure governs service of process:

All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by . . . these rules, beyond the territorial limits of that state.

Rule 4(e) adds that

Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner provided in the statute or rule.

It appears that the only statute or rule under which plaintiff could effect extraterritorial service on the defendants herein is the Colorado long-arm statute, Colo.Rev. Stat. § 13–1–124 (1973). *See Wilshire Oil Co. of Texas v. Riffe,* 409 F.2d 1277 (10th Cir. 1969). The statute provides:

Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from: (a) The transaction of any business within this state; (b) The commission of a tortious act within this state; (c) The ownership, use or possession of any real property situated in this state; or (d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting.

No facts are alleged in the complaint which might satisfy plaintiff's burden of alleging something on which a reasonable inference that the long-arm statute applies might rest. *Texair Flyers Inc. v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973). There are no allegations regarding insurance contracts, ownership or use of property, or transaction of business within Colorado. Plaintiff alleges that the tortious conduct occurred in Idaho. In paragraph 18 of his complaint plaintiff also alleges that

As a result of said negligence [in Idaho], Plaintiff has suffered serious and perma-

nent bodily injury, manifesting itself primarily in the nature of plural effusion and plural scarring [while plaintiff is now living in Colorado].

The fact that the result of tortious conduct occurring elsewhere manifests itself in Colorado is insufficient to invoke the long-arm jurisdiction. *See Ferrari S.p.A. SEFAC v. District Court*, 185 Colo. 136, 522 P.2d 105 (1974). On the basis of the facts alleged, the Colorado long-arm statute cannot be used to assert jurisdiction over the defendants.

■ Plaintiff finds himself in a peculiar situation. Although the named defendants might be liable to plaintiff for breach of a fiduciary duty, plaintiff freely admits that, assuming he is entitled to a recovery, the primary source of funds to satisfy his judgment would be the shareholders who received the corporate assets through distributions in dissolution. The only means at plaintiff's disposal for identifying these shareholders, however, is to sue the trustees and then use the tools of discovery to identify and join the now unknown shareholders. And, in fact, plaintiff served interrogatories on the four defendants who have been summoned contemporaneously with the service of the summons and complaint. Plaintiff speculates that once the shareholders have been identified the necessary contacts with Colorado may be present, just as the requisite diversity of citizenship might be destroyed due to the presence of a Colorado shareholder. The problem is that plaintiff cannot know anything for certain until he has engaged in discovery of the currently named defendants. Although I sympathize with plaintiff's plight, the need for discovery cannot be used to create jurisdiction where none would otherwise exist.

■ The unnamed defendants are not proper parties in this *in personam* action, and therefore the complaint must be dismissed as to them. It is impossible for plaintiff to fulfill his duty to notify those persons as required under Rule 4(d), Federal Rules of Civil Procedure, because it is impossible to present an unnamed defendant with a copy of the summons and com-

plaint or leave such copies at his dwelling house or usual place of abode.

Fortunately, the effect of this decision will not foreclose plaintiff from all forums and avenues of relief. Without intending to prejudge Idaho law, but assuming that the Idaho long-arm statute is similar to that in Colorado, the complaint does allege sufficient contacts, both tortious conduct and business contacts, with Idaho, to confer jurisdiction over the defendants in that jurisdiction.

As to the five defendants not yet served, it is evident from the record and from representations made by counsel for both sides before this Court that each of the five does not live within this judicial district. Accordingly, even if plaintiff could effect service on those five, they will be subject to the very same personal jurisdiction problem discussed above.

I therefore find that this Court lacks jurisdiction over the person of each of the nine named defendants, as well as the unnamed defendants. Accordingly it is

ORDERED that defendants' motion to dismiss for lack of personal jurisdiction be, and the same hereby is, granted; it is further

ORDERED that the complaint be, and it hereby is, dismissed without prejudice.