**Morris R. ANDERSON, Plaintiff,**

v.

**PENNCRAFT TOOL COMPANY, Inc., a corporation, Defendant.**

**No. 61 C 1307.**

United States District Court
N. D. Illinois, E. D.

Dec. 18, 1961.

Greenfield, Levin & Greenfield, Chicago, Ill., for plaintiff.

Hough, Young & Coale, Chicago, Ill., for defendant.

WILL, District Judge.

This is a personal injury action here on removal from the Circuit Court of Cook County. The jurisdictional requirements of diversity and dollar amount are pleaded. Defendant now appears specially and moves to quash the service of summons on it in the State

Court action effected under the authority of Sections 16 and 17 of the Illinois Civil Practice Act (chapter 110, Ill.Rev.Stat. §§ 16, 17).

Since the jurisdiction of a federal court on removal is a derivative jurisdiction, Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671, if the State Court lacked jurisdiction of the defendant, this Court acquired none on removal. Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L.Ed. 1509. Therefore, an inquiry into the sufficiency of service of process prior to removal is proper. Garden Homes v. Mason, 1 Cir.1956, 238 F. 2d 651, 653.

Defendant's principal contention is that service was invalid because no tortious act had been committed by it within Illinois. This argument, however, was carefully considered and rejected by the Illinois Supreme Court in a remarkably similar recent decision, Gray v. American Radiator and Standard Sanitary Corporation et al., 22 Ill.2d 432, 176 N.E.2d 761 (rehearing denied September 20, 1961), which supersedes the various earlier decisions cited in defendant's brief. This Court is, of course, bound by the latest applicable decision of the Illinois Supreme Court on the subject. Rockwell v. United States Fidelity & Guaranty Co., D.C.M.D.Pa., 1955, 137 F.Supp. 317.

In the Gray case, as alleged here, plaintiff was injured by an instrumentality manufactured and sold outside the state by a company whose only contact with Illinois in the transaction was the presence of its product at the occurrence of the accident. There, as here, defendant's affidavit stated that it did no business in Illinois, and that it had no agent physically present within the state.

Notwithstanding, the Illinois Supreme Court denied defendant's motion to quash service of summons, reversing the lower court ruling. It held that the term "tortious act" as used in Section 17(1) (b) of the Illinois Civil Practice Act refers to an act which causes injury, and that technical distinctions between the word "tort" and "tortious" would not avail to defeat or obscure the intention of the legislature to extend the reach of the state's process as far as possible consistent with the limitations of the Fourteenth Amendment. It further held, after an exhaustive review of state and federal cases involving the question of minimum contact for purposes of service, that when the alleged liability arises from the manufacture of products presumably sold in contemplation of possible use in Illinois, even where the initial sale is to an out-of-state purchaser who subsequently ships into the state, the manufacturer can be said to have the requisite minimum contact, deriving as he does the benefits and protection of Illinois law in the marketing of his product.

In the instant case, defendant makes no claim that it did not contemplate the use of its product in Illinois. Indeed, its own affidavit reveals that "all sales of tools by Penncraft Tool Company, Inc. to Illinois purchasers thereof are made f. o. b. Inkster, Michigan."

Since the Gray case, supra, disposes of defendant's contentions, the motion to quash is denied. Defendant is directed to answer or otherwise plead within twenty days of the date hereof.

An order consistent with the foregoing will be entered.