No. 28226

**Jenner & Block, and Gilbert H. Hennessey, Jr. v. District Court in and for the City and County of Denver and The Honorable Clifton A. Flowers, one of the Judges of said court**

(590 P.2d 964)

Decided February 26, 1979.

Davis, Graham & Stubbs, Robert H. Harry, Richard M. Jones, Joseph J. Bellipanni, for petitioners.

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Sheldon E. Friedman, Edward T. Ramey, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This is an original proceeding pursuant to C.A.R. 21. Petitioners, an Illinois general partnership engaged in law practice, and one of its partners, seek to prohibit the respondent court from exercising *in personam* jurisdiction over them. We issued a rule to show cause and now discharge the rule.

In the underlying lawsuit the plaintiff Colorado corporation, Val Moritz Village, Inc., contends that the defendants-petitioners, while acting as its attorneys, breached their fiduciary duties by coercing its president to sign a contract in Illinois. The claimed effect of this allegedly coerced contract was to divest the plaintiff corporation of its interest in real property located in Colorado. Thus the allegedly tortious conduct admittedly occurred in Illinois, but — asserts the plaintiff — this conduct proximately caused the plaintiff injury in Colorado.

Pursuant to the Colorado Long-Arm Statute,[1] the petitioners were served with a summons and complaint at their offices in Chicago, Illinois. They filed a timely motion to dismiss the complaint for lack of jurisdiction over the person and to quash the service of process.

While these motions were pending, the plaintiff took the deposition of one Charles Sens in Denver. Robert Keck, one of the partners of the petitioners, voluntarily travelled to Denver to attend this deposition. While in Denver he was personally served with a summons and complaint. The petitioners moved to quash the service upon Mr. Keck contending that, under the circumstances, he was immune from service of process.

The respondent court, upholding the asserted long-arm jurisdiction, denied the petitioners' motions. The court further held that Keck had no immunity from personal service of process. Because we affirm the

---

[1] Sections 13-1-124(1)(b) and 13-1-125, C.R.S. 1973 (the Colorado Long-Arm Statute).

respondent's jurisdiction over both petitioners under the Colorado Long-Arm Statute, we do not reach the issue of immunity.

The pertinent portion of the Colorado Long-Arm Statute states:

*"Jurisdiction of courts.* (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
* * * *

"(b) The commission of a tortious act within this state; . . ." Section 13-1-124(1)(b), C.R.S. 1973.

█ We have previously recognized that the Colorado General Assembly, in enacting this statute, "intended to extend the jurisdiction of our courts to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *Dwyer v. District Court,* 188 Colo. 41, 44, 532 P.2d 725, 726, (1975); quoting from *Safari Outfitters v. Superior Court,* 167 Colo. 456, 459, 448 P.2d 783, 784 (1969). *See also Ferrari v. District Court,* 185 Colo. 136, 522 P.2d 105 (1974). Consistent with the protections afforded by the due process clause, jurisdiction over the petitioners may be exercised by Colorado courts if the petitioners had sufficient contacts with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed 95 (1945).

█ Allegations that a defendant's acts in another state ultimately caused injury in Colorado, and thus constituted a tort here, suffice as a prima facie showing of threshold jurisdiction. *Texair Flyers v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973). The non-resident tortfeasor need have no additional contacts in this state to satisfy due process requirements.

Thus the question is whether, taking the pleadings as true, it can be said that one whose allegedly tortious conduct in Illinois caused damage to the Colorado plaintiff through loss of Colorado realty committed a "tortious act within this state."

In *Vandermee v. District Court,* 164 Colo. 117, 433 P.2d 335 (1967), we held that the defendant's negligent design of a crane in Delaware culminating in injury to the plaintiff in Colorado, amounted to "tortious conduct" in Colorado by the Delaware defendant within the meaning of the long-arm statute.[2] This interpretation was reaffirmed in *Texair*

---

[2] Since the defendants contesting Colorado jurisdiction here are Illinois residents, it is appropriate to note that in *Vandermee, supra,* we followed *Gray v. American Radiator & Standard Sanitary Corporation,* 22 Ill.2d 432, 176 N.E.2d 761 (1961) (tortfeasor who acted outside Illinois subject to Illinois jurisdiction in suit of one injured in Illinois).

*Flyers v. District Court, supra,* and *Czarnick v. District Court,* 175 Colo. 482, 488 P.2d 562 (1971).

We adopted this statutory construction to give full effect to the legislative intent to provide a local forum for Colorado residents injured within Colorado by the tortious acts of nonresidents. Although *Vandermee* involved negligent conduct, the construction of the long-arm statute adopted in that case, in light of the legislative purpose in enacting the statute, applies here where the tortious conduct allegedly was intentional. *See Consolidated Laboratories, Inc. v. Shandon Scientific Co.,* 384 F.2d 797, 802 (7th Cir. 1967) (Illinois long-arm statute reached defendant whose out-of-state tort of intentional interference with contract caused damage in Illinois); *Jack O'Donnell Chevrolet, Inc. v. Shankles,* 276 F.Supp. 998 (N.D. Ill. 1967) (bank whose alleged conspiracy to delay drafts in Alabama, with foreseeable consequences in Illinois, held subject to Illinois long-arm service).

■ Subjecting these non-resident defendants to the jurisdiction of Colorado courts is not fundamentally unfair. Assuming the plaintiff's allegations to be true, as we must in this proceeding, the defendants committed in Illinois an intentional act which, for jurisdictional purposes, ripened into a tort upon occurrence of damages in Colorado. Petitioners had reason to anticipate that their activities might have an injurious effect in Colorado. *See Jack O'Donnell Chevrolet, Inc. v. Shankles, supra; Anderson v. Penncraft Tool Co.,* 200 F.Supp. 145 (N.D. Ill. 1961) (product defectively made and sold outside Illinois caused injury in Illinois). The petitioners, while representing a Colorado corporation, allegedly coerced the plaintiff to sign a contract. This contract was specifically designed to affect the legal rights of the parties in a joint venture established to acquire, develop, improve and operate Colorado real estate. Moreover, allegedly in furtherance of this contract, a partner in the petitioner firm came to Colorado in October, 1974, personally to inspect the joint venture property in Grand County, Colorado. Under these circumstances, due process is not affronted by the respondent court's maintaining jurisdiction over the petitioners.

Because we hold that *in personam* jurisdiction was obtained over both petitioners under the long-arm statute, it is unnecessary to reach the issue of Mr. Keck's alleged immunity from service of process while attending the deposition in Colorado.

Accordingly, the rule to show cause is discharged.