**C. F. H. ENTERPRISES, INC., a Colorado corporation, Plaintiff,**

v.

**HEATCOOL, an Oregon corporation; Northwest Testing Laboratories, an Oregon corporation, Paul Irish, individually, and Roger Breedlove, individually, Defendants.**

**Civ. A. No. 81–C–1646.**

United States District Court, D. Colorado.

April 30, 1982.

Todd M. McNamara, Atler, Zall & Haligman, P. C., Denver, Colo., for plaintiff.

Richard G. Peterson, DeMoulin, Anderson, Campbell & Laugesen, P. C., John M. Vaught, Holland & Hart, Charles H. Jacobs, Bourke & Jacobs, P. C., Denver, Colo., for defendants.

ORDER

CARRIGAN, District Judge.

Plaintiff C.F.H. Enterprises, Inc. (hereafter, "C.F.H.") filed this diversity action against the defendants Heatcool, Northwest Testing Laboratories (hereafter, "Northwest"), Paul Irish and Roger Breedlove, claiming fraud and misrepresentation. Defendants Northwest and Irish, both Oregon citizens for diversity purposes, move to dismiss, asserting that this Court lacks jurisdiction over their persons and that requiring them to defend this action in Colorado would deny them due process of law. They argue that their contacts with Colorado are insufficient to empower Colorado courts, under the Colorado long-arm statute, to render a judgment enforceable against them. Alternatively, they move to transfer this case to the District of Oregon pursuant to 28 U.S.C. § 1404. Defendants Heatcool and Irish have joined in the transfer motion. The issues presented by these motions have been thoroughly briefed and argued.

It appears that C.F.H. entered into a distributorship contract with the defendant

Heatcool to sell Heatcool's insulated windows in Colorado and Wyoming. C.F.H. alleges that, in agreeing to accept the distributorship, it relied to its detriment on a test report provided to it by Heatcool. This report was prepared by Northwest and signed for Northwest by Irish. C.F.H. further alleges that before signing the distributorship contract, it telephoned from Colorado to Northwest, in Oregon, and spoke to Irish in an attempt to verify the report's accuracy.

C.F.H. conceded at oral argument that Northwest and Irish do not transact any business in Colorado.[1] Thus, it is clear that any jurisdiction this Court has must rest upon the language in Colorado's long-arm statute allowing jurisdiction against one who commits "a tortious act within this state." § 13–1–124(1)(b), C.R.S.1973.

The Colorado long-arm statute has been interpreted to extend the jurisdiction of Colorado courts to the fullest reach permitted by the United States Constitution. *Jenner & Block v. District Court*, 197 Colo. 184, 590 P.2d 964, 965 (1979). This interpretation obviates the need for statutory analysis separate from the due process inquiry required by *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny.

"As has long been settled, ... a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) (citations omitted). Here, as in *World-Wide Volkswagen*, there is an absence of "those affiliating circumstances that are a necessary predicate to any exercise of [personal] jurisdiction." 444 U.S. at 295, 100 S.Ct. at 566. Neither Northwest nor Irish engages in business in Colorado, nor does either solicit business here. They have no regular contacts with the state. They avail themselves of none of

the privileges or benefits of Colorado law. In short, C.F.H. is attempting to base personal jurisdiction over Northwest and Irish on two isolated, but related, incidents: (1) the forwarding of the defendants' report to Colorado during the negotiations for the Heatcool distributorship, and, (2) a phone call from C.F.H. in Colorado to the defendants in Oregon regarding that report.

C.F.H. argues that it is foreseeable that product test reports would be used to encourage customer or dealer interest in Heatcool's products, and therefore, that Northwest and Irish should have known that their report would travel wherever Heatcool's products did. C.F.H. misconstrues the sort of "foreseeability" involved in due process analysis. "The mere likelihood that a product [or report] will find its way into the forum state [is not determinative]. Rather, [the inquiry] is [whether] the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567.

Except for the appearance of their report, Northwest and Irish's only Colorado contact was a phone call from C.F.H. in Colorado to them in Oregon. This contact is not so significant that these defendants should reasonably anticipate being sued in Colorado. Thus, I must dismiss, for lack of personal jurisdiction, C.F.H.'s claims against Northwest and Irish.

Northwest and Irish's transfer motion has been mooted by their dismissal.

Defendants Heatcool and Breedlove's transfer motion must be denied, since they have not met the heavy burden of demonstrating that C.F.H.'s choice of forum should be disturbed. *See Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

Accordingly,

IT IS ORDERED that the plaintiff C.F.H. Enterprises, Inc.'s claims against the

---

1. Therefore, C.F.H.'s allegation that Northwest and Irish have had additional telephonic or written contacts with Colorado that relate to its

Heatcool contract is not material to this motion to dismiss, since these contacts occurred after the allegedly tortious conduct.

defendants Northwest Testing Laboratories and Paul Irish are hereby dismissed for lack of personal jurisdiction.

It is further ORDERED that the defendants Heatcool and Roger Breedlove's motion to transfer this case to the United States District Court for the District of Oregon is hereby denied.