Alan J. BECKMAN; Billie J. Beckman; Ann Blout; Ginger Cook; Daniel Couger; Shirley A. Couger; Laura Davis; Ron Given; Gordon W. Goldston; Alana K. Goldston; Richard M. Graves; Louise G. Graves; Jeannette C. Harris; George B. Harris; Marilyn E. Long; Raymond L. Maxey; Shirley Neidiger; Barbara E. Smith; Rita Sternberger; Marian S. Wedel; Joyce Wolfli; Elouise Young; The Circle N Investment Corporation, a Colorado corporation, Plaintiffs,

v.

James R. CARLSON, Jr., Bunke, Carlson, Corbin, Dunn, Hegel & Murnion, P.C., Defendants.

Civ. A. No. 82–C–892.

United States District Court, D. Colorado.

Jan. 17, 1983.

Jerry A. Smith, Colorado Springs, Colo., for plaintiffs.

Timothy P. Schimberg, Wood, Ris & Hames, P.C., Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Defendants move to dismiss this action, claiming that the court has no personal jurisdiction over them. They contend that their contacts with Colorado are insufficient to support such jurisdiction. The issues have been fully briefed and supporting affidavits have been filed. Oral argument would not materially assist in deciding this motion.

Plaintiffs obtained a state court judgment in Colorado, and then learned that the judgment debtor owned real property in Montana. Plaintiffs retained the defendants, Montana attorneys, to execute the plaintiffs' Colorado judgment in Montana. The debtor, however, sold her Montana property before the defendants acted to enforce the judgment against it. Plaintiffs allege that the defendants negligently failed to execute the judgment promptly, and therefore are liable for legal malpractice.

In diversity cases, Fed.R.Civ.P. 4(e) provides that service of process may "be made under the circumstances and in the manner prescribed in the statute or rule" of the courts in the state where the district court sits. Service of process in Colorado is governed by C.R.S. §§ 13–1–124, 13–1–125 (1973 & Supp.1982). Those statutes, and the Colorado cases construing them, must be consulted to determine whether the defendants are subject to the jurisdiction of this court.

The Colorado long-arm statute has been interpreted to extend the jurisdiction of the Colorado courts to the fullest extent permitted by the United States Constitution. *Jenner & Block v. District Court,* 197 Colo. 184, 590 P.2d 964 (1979); *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1969). This interpretation obviates the need for statutory analysis separate from the due process inquiry required by *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. The due process question turns on whether the defendants had minimum contacts with Colorado. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

In determining whether the requisite minimum contacts exist in circumstances such as those here presented, *i.e.,* where a single act is claimed as the basis of jurisdiction, the Colorado courts have applied a three-pronged test. *Waterval v. District Court,* 620 P.2d 5 (Colo.1980). That test has been stated as follows:

"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Van Schaack v. District Court,* 189 Colo. 145, 147, 538 P.2d 425, 426 (1976), *quoting White Lumber Sales, Inc. v. Sulmonetti,* 252 Or. 121, 448 P.2d 571 (1968).

If the defendant has had continuous contacts with the forum state, the second prong of this test need not be met. *Waterval v. District Court,* 620 P.2d 5 (Colo.1980); *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 560 P.2d 453 (1977). I apply this analysis in light of two recent Colorado Supreme Court opinions. In both cases, the Court held out-of-state attorneys subject to the in personam jurisdiction of Colorado's state courts.

In *Jenner & Block v. District Court,* 197 Colo. 184, 590 P.2d 964 (1979), the plaintiffs had sued Illinois attorneys alleging breach of fiduciary duties. In a close call, several factors led the Colorado Supreme Court to hold the out-of-state attorneys subject to the jurisdiction of Colorado courts. First, it was alleged that the attorneys had coerced one of the plaintiffs into signing a contract in Illinois. Second, one of the attorneys had come to Colorado in connection with the transaction giving rise to the litigation. Third, the subject matter in dispute was Colorado real property and a state has a special interest in having its own courts decide cases involving real property located within its borders. Thus personal jurisdiction was upheld.

In *Waterval v. District Court,* 620 P.2d 5 (1980), the plaintiff sued a Virginia attorney for alleged negligence and breach of fiduciary duty. The parties had exchanged many telephone calls, letters, and checks during a period of several years. The defendant attorney had represented the plaintiff in diverse transactions through the years. Again, personal jurisdiction was upheld.

There are present in the instant case no facts of special significance akin to those presented in *Jenner & Block* and *Waterval.* In measuring this case against the three-prong test above discussed, it seems clear that the third prong of the test is not met.[1] Although the defendants may have caused important consequences to persons in Colorado, they did not have any substantial contacts with Colorado. I find and conclude, therefore, that they are not subject to the in personam jurisdiction of this Court.

Accordingly,

IT IS ORDERED that this action be dismissed for lack of personal jurisdiction over the defendants. Each party shall bear his, her, or its own costs.

---

**1.** My holding would not differ if I were to apply the two-pronged test. The "substantial connection" prong is part of both tests. Since the defendants did not have any substantial connection with Colorado, they are not subject to in personam jurisdiction here.