Tracy Ann McAVOY, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Robert P. Fullerton, One of the Judges Thereof, Respondents.

No. 88SA93.

Supreme Court of Colorado,
En Banc.

July 18, 1988.

Anderson, Campbell and Laugesen, P.C., Laird Campbell, Denver, O'Hara and Gleason, James M. O'Hara, Englewood, for petitioner.

Thomas J. deMarino, Denver, for respondent Judge Fullerton.

VOLLACK, Justice.

In this original proceeding under C.A.R. 21 the petitioner, Tracy McAvoy, seeks relief in the nature of a writ of prohibition on the ground that the respondent, the District Court of the City and County of Denver, exceeded its jurisdiction by exercising *in personam* jurisdiction over her pursuant to the Colorado Long–Arm Statute for the alleged commission of a tortious act by her in the state of Washington. McAvoy is the defendant in the district court and a resident of the state of Washington. Because we conclude that the exercise of jurisdiction over McAvoy is not consistent with the long-arm statute and underlying due process considerations, we now make the rule absolute.

## I.

A Colorado resident named Rochelle Goree, the plaintiff below and not a party to this original proceeding, was injured in a car accident in February 1986 in Seattle, Washington. Ms. Goree was a passenger in a car driven by her husband, George Goree. In the Washington accident, the Gorees' car collided with a vehicle driven by the petitioner in this proceeding, Tracy McAvoy. Ms. Goree filed suit against McAvoy in 1988 in Denver District Court and McAvoy was personally served in Seattle. McAvoy filed a Motion to Quash Service of a Summons in the case, asserting that the Colorado court did not have personal jurisdiction over her under the provisions of Colorado's long-arm statute, section 13–1–124, 6A C.R.S. (1987).

The Denver District Court judge denied the motion and is a respondent in this proceeding. In his written order, the judge held that "there are sufficient contacts in Colorado pursuant to our case law to find jurisdiction over defendant McAvoy in this state, though the accident occurred in Washington and defendant McAvoy resides there."

McAvoy filed a Petition for Exercise of Original Jurisdiction under C.A.R. 21, asking this court to issue to the district court an Order to Show Cause why it should not be prohibited from proceeding in this civil action against her. We granted McAvoy's petition and issued a rule to show cause. We now make the rule absolute.

## II.

The issue presented here is governed by the Colorado long-arm statute, which provides:

13–1–124. **Jurisdiction of courts.**

(1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person and, if a natural person, his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state;

(b) *The commission of a tortious act within this state;*

(c) The ownership, use, or possession of any real property situated in this state;

(d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting; or

(e) The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage, legal separation, declaration of invalidity of marriage, or support of children if one of the parties of the marriage continues without interruption to be domiciled within the state.

§ 13–1–124, 6A C.R.S. (1987) (emphasis added). The long-arm statute was enacted "to extend the jurisdiction of our courts to the fullest extent permitted by the due process clauses of the United States and Colorado Constitutions." *Fleet Leasing, Inc. v. District Court,* 649 P.2d 1074, 1078 (Colo.1982).[1]

A party seeking a remedy under the long-arm statute is required to allege sufficient facts in the complaint to support a reasonable inference that the nonresident defendant has engaged in conduct under the statute which subjects the nonresident to *in personam* jurisdiction. *Shon v. District Court,* 199 Colo. 90, 93, 605 P.2d 472, 474 (1980); *Texair Flyers, Inc. v. District Court,* 180 Colo. 432, 436, 506 P.2d 367, 369 (1973). A party attempting to establish personal jurisdiction over a nonresident defendant must make a prima facie showing of threshold jurisdiction under the statute. *Fleet Leasing,* 649 P.2d at 1078. In ruling on a jurisdiction question, the trial court can consider the allegations set forth in the

---

1. "This interpretation obviates the need for statutory analysis separate from the due process inquiry required by *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny." *C.F.H. Enter., Inc. v. Heatcool,* 538 F.Supp. 774, 775 (D.Colo.1982).

complaint, along with any evidence that may have been introduced if there was a hearing on the matter.

Here, the trial court apparently relied on subsection (1)(b) of the statute, which extends jurisdiction to a nonresident defendant who commits a tortious act "within this state."[2] We have construed this subsection to mean that "a person or entity whose *allegedly tortious conduct in another state causes injury in this state* has committed 'a tortious act within this state' for purposes of the long-arm statute." *Le Manufacture Francaise v. District Court,* 620 P.2d 1040, 1044 (Colo.1980) (emphasis added). In interpreting the tortious act subsection of the long-arm statute, we relied upon "the legislative intent to provide a local forum for Colorado residents *injured within Colorado by the tortious acts of nonresidents." Jenner & Block v. District Court,* 197 Colo. 184, 187, 590 P.2d 964, 966 (1979) (emphasis added). The threshold jurisdictional requirement is established when it is demonstrated that a tort is committed in Colorado, or "when it is demonstrated that tortious conduct initiated in another state ultimately caused injury in Colorado and that requiring a defense to the tort action in this state would be consistent with due process of law." *Fleet Leasing,* 649 P.2d at 1078.[3]

Allegations in the complaint that a defendant's acts in another state "caused injury in Colorado, and thus constituted a tort here" meet the threshold jurisdiction requirement. *Jenner & Block,* 197 Colo. at 186, 590 P.2d at 965. However, the trial court misapplied our holdings in other cases to the facts in this case when it concluded that McAvoy's acts in another state caused the type of injury in Colorado that would trigger jurisdiction under subsection (1)(b).

A nonresident who commits a tort in another jurisdiction may be the subject of jurisdiction in Colorado under some circumstances. "[N]egligent conduct initiated in a foreign state which proximately results in injury incurred in Colorado constitutes tortious conduct within the meaning of the long-arm statute." *Texair Flyers,* 180 Colo. at 437, 506 P.2d at 370 (construing *Vandermee v. District Court,* 164 Colo. 117, 433 P.2d 335 (1967)). In *Vandermee,* we found that Colorado had personal jurisdiction over a Delaware designer and manufacturer of cranes pursuant to section 13–1–124(1)(b) when the nonresident company created a defective crane which injured a resident carpenter using the crane in Colorado. 164 Colo. at 122, 433 P.2d at 337–38. The "tortious act" occurred "[w]hen the alleged defect in the crane ... resulted in injury to the petitioner in Colorado." *Id.* We came to the same conclusion in *Texair Flyers,* 180 Colo. at 437, 506 P.2d at 370.

In contrast, we declined to exercise personal jurisdiction over the alleged nonresident tortfeasor in *Shon v. District Court,* 199 Colo. 90, 605 P.2d 472. We held that the place of the injury is the place where the tort is committed under the long-arm statute. *Shon,* 199 Colo. at 94, 605 P.2d at 475; *see also Ferrari v. District Court,* 185 Colo. 136, 522 P.2d 105 (1974).

These cases demonstrate that, in order to exercise jurisdiction pursuant to section 13–1–124(1)(b) over a nonresident defendant in a tort action, the injury itself must

**2.** The judge's written order did not designate the statutory subsection on which he relied. Because Goree's complaint asserted that McAvoy was negligent, and because this case obviously does not fall under any other subsection of the long-arm statute, we must assume that the trial court relied on subsection (1)(b).

**3.** Under this subsection of the long-arm statute, we do not apply the "minimum contacts" test. In *Texair Flyers,* we approved the following language:

"It is easier to obtain jurisdiction over a nonresident tort feasor than over a nonresident wrongdoer in fields other than torts. In the latter instance jurisdiction is posited under the statute on the defendant's transacting any business in [Georgia] ... and in such cases Due Process must be satisfied by the existence of 'minimum contacts' of the nonresident in the state in which he is sued....

"Jurisdiction over nonresidents in tort actions carries no such impedimenta. The minimum contacts requirement does not have to read into the language 'Commits a tortious act or omission within this state.' "

180 Colo. at 438, 506 P.2d at 370.

have occurred in Colorado, even if the negligent conduct—for example, negligent design or manufacture—occurred in another state.

### III.

Turning to the facts presented in this case, we must determine whether the district court abused its discretion in exercising jurisdiction over McAvoy, the nonresident defendant, pursuant to section 13-1-124(1)(b). Rochelle and George Goree are both Colorado residents. The husband was driving and his wife was a passenger when their car was involved in the collision with McAvoy's vehicle. The alleged negligent acts by McAvoy occurred in Washington. The accident from which the alleged injuries arose occurred in the state of Washington. McAvoy is a resident of Washington and has no contacts in Colorado.

In ruling that this case falls under subsection (1)(b) of the long-arm statute, the trial court held that the accident "caused important consequences in Colorado [which] appear to be substantial." This determination was drawn from the court's factual findings that Colorado health care providers had administered a wide range of medical services to Ms. Goree; that Goree's employer had "gone without her services"; the judge's prediction that Colorado hospitals "have been and will" provide care; and the further consequence that Goree's "Colorado household is threatened by the drain on plaintiff's resources." Response to Order to Show Cause at 4. The court observed that "[v]irtually all of Plaintiff's treating and consulting physicians and expert witnesses are located in Colorado." Response at 6. The court also made mention of the fact that McAvoy had a liability insurance policy with Farmers Insurance Company, and that Farmers does business in Colorado. For these reasons, the court concluded that it had personal jurisdiction over McAvoy under the long-arm statute. The court further reasoned that interests of judicial economy required the exercise of jurisdiction over McAvoy to avoid the possible result of two separate lawsuits.[4]

■ The facts presented here do not justify the Colorado court's exercise of personal jurisdiction over McAvoy. This is not a case where negligent design or manufacture performed outside Colorado caused injury to a person in Colorado. When a party is injured in Colorado, the "tortious act" is held to have occurred in Colorado. *See Shon v. District Court,* 199 Colo. 90, 94, 605 P.2d 472, 475 (1980); *Ferrari v. District Court,* 185 Colo. 136, 139-40, 522 P.2d 105, 107 (1974). The tortious act at issue here occurred in Washington, and the place of injury is the place of commission of the tortious act. *Shon,* 199 Colo. at 94, 605 P.2d at 475. "[H]ad the accident occurred in Colorado, that fact would constitute a tortious act in this state." *Ferrari,* 185 Colo. at 139, 522 P.2d at 107. We conclude that the facts presented here do not meet the threshold requirement that the plaintiff make a prima facie showing of jurisdiction over the nonresident defendant.

■ The court's reasoning that jurisdiction is proper because Ms. Goree has been receiving medical treatment in Colorado and has been unable to return to her employment in Colorado is flawed. While these facts are results of the tortious act and may be considerations in a question of venue, they are not sufficient to confer jurisdiction on a Colorado court when not only the negligent conduct but also the injury occurred in another state.

We conclude that the district court exceeded its jurisdiction in ruling as it did. We now make the rule absolute.

---

4. Ms. Goree also filed suit against her husband in order to recover from his insurance carrier.