951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randall A. SIRBAUGH, Plaintiff-Appellant,
v.
Brace K. CASE and Marilyn Case, Defendants-Appellees.
 No. 91-1219.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Randall A. Sirbaugh brought suit against defendants for injuries sustained as a result of a motorcycle/automobile collision which occurred on September 5, 1990, in Fort Collins, Colorado. As a result of these injuries, doctors amputated plaintiff's leg below the knee. Plaintiff sued defendant Darton Case for negligent operation of a vehicle. Plaintiff also sued Darton Case's parents, Brace Case and Marilyn Case, for negligent entrustment. The district court dismissed with prejudice the claims against Darton Case following an out-of-court settlement. Shortly thereafter, Darton Case's parents filed a Motion for Dismissal for Lack of Jurisdiction. The district court granted this motion by order dated May 16, 1991. Plaintiff appeals that decision.
 
 
 3
 The crucial issue in this case is whether the district court properly ruled that it had no personal jurisdiction over Darton Case's parents. Such a decision is a ruling of law, which we review under a de novo standard.
 
 
 4
 Under Colorado's long-arm statute, C.R.S. § 13-1-124 (1987), a district court has jurisdiction over a person who a) transacts business within the state, b) commits a tortious act within the state, c) owns, uses, or possesses real property located within the state, d) contracts to insure any person, property, or risk residing or located within the state, or e) maintains a matrimonial domicile within the state. The pleadings reveal that the only possible basis for jurisdiction under this statute is that defendants committed a tortious act within the state. Colorado courts have construed the tortious act subsection of C.R.S. § 13-1-124 to mean that "a person or entity whose allegedly tortious conduct in another state causes injury in this state has committed a 'tortious act within this state' for purposes of the long-arm statute." Le Manufacture Francaise v. District Court, 620 P.2d 1040, 1044 (Colo.1980); see also McAvoy v. District Court, 757 P.2d 633, 635 (Colo.1988) (quoting with approval this language from Le Manufacture Francaise ).
 
 
 5
 Plaintiff contends that the tortious act committed by defendants Brace and Marilyn Case was their decision to give a sum of money to their son as a graduation present, knowing that he might buy a vehicle with those funds, drive it to Colorado, and, given their son's dubious driving record, could conceivably harm someone while operating that vehicle in Colorado. In fact, in July 1990, Darton Case's parents presented their son with a gift of $2,000 in anticipation of his graduation from Colorado State University in December 1990. Darton Case used part of that money to make a down payment on a Jeep CJ-5 and to make several subsequent payments on the vehicle. The Jeep was purchased and financed in Michigan. Several weeks later, Darton Case returned to school in Fort Collins. Shortly thereafter, the accident took place. Darton Case's parents at no time prior to the accident had rights of use or ownership of the Jeep. Plaintiff's theory of the case is that these actions give rise to a claim of negligent entrustment.
 
 
 6
 The question thus arises whether Brace and Marilyn Case's activities are sufficient to require them to appear in court in Colorado to defend the charge of negligent entrustment brought by the plaintiff. In McAvoy v. District Court, 757 P.2d 633 (Colo.1988), the Supreme Court of Colorado, hearing the case en banc, determined that requiring a non-resident party to appear before a Colorado court is proper "when it is demonstrated that tortious conduct initiated in another state ultimately caused injury in Colorado and that requiring a defense to the tort action in this state would be consistent with due process of law." Id. at 635 (quoting Fleet Leasing, Inc. v. District Court, 649 P.2d 1074, 1078 (Colo.1982)).
 
 
 7
 We hold that plaintiff has failed to plead sufficient evidence of negligent entrustment under Colorado law as set forth in Halstead v. Peterson, 797 P.2d 801 (Colo.Ct.App.1990), to merit requiring Darton Case's parents to appear in a Colorado court to defend the allegations brought by plaintiff. Therefore, the district court order dismissing plaintiff's claim against Brace and Marilyn Case is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3