Ralph SCHEUER, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Warren O. Martin, One of the Judges Thereof, Respondents.

No. 83SA487.

Supreme Court of Colorado,
En Banc.

July 16, 1984.

Pryor, Carney & Johnson, Robert W. Carney, Susan T. Smith, Englewood, for petitioner.

Waldbaum, Corn, Koff & Berger, P.C., Michael H. Berger, Denver, for respondents.

KIRSHBAUM, Justice.

Pursuant to C.A.R. 21, petitioner, Ralph Scheuer, seeks an order prohibiting respon-

dent district court from exercising *in personam* jurisdiction over him in a civil action containing claims for money damages against him. We issued a rule to show cause why such relief should not be granted, and now discharge the rule.

## I

Paul Quinn, Trustee in Bankruptcy for Artisan Dental Arts, Inc. (Artisan), a Colorado corporation, Harold Campbell and Lorna Campbell have filed an amended complaint against Scheuer, James M. O'Brien and Gayla L. O'Brien. The complaint seeks money damages from Scheuer on claims of negligence and breach of fiduciary duty. It alleges that Scheuer resides in and is licensed to practice law in New Mexico; that he was retained by Artisan to settle claims of Artisan against Santa Fe Dental Arts, P.C. (SFDA), a New Mexico professional corporation; that by "agreeing to represent and by representing" Artisan, Scheuer transacted business in Colorado; and that Scheuer's conduct constituted tortious acts committed in Colorado. It further alleges that Artisan "became entitled to receive" $94,000 as the result of a certain June 4, 1982, settlement agreement; that Artisan received a sum of over $60,000 pursuant to the agreement, which sum was deposited into Scheuer's trust account; and that Scheuer negligently distributed those funds to James M. O'Brien, negligently failed to ascertain O'Brien's relationship to Artisan, and negligently permitted SFDA to be released from any liability to Artisan.

Scheuer moved to dismiss the two claims against him for lack of *in personam* jurisdiction, asserting that the amended complaint did not allege sufficient facts to satisfy Colorado's Long Arm Statute, section 13–1–124, 6 C.R.S. (1973), and that his contacts with Colorado were insufficient to satisfy the due process guarantees of the Fourteenth Amendment of the United States Constitution. Scheuer filed an affidavit in support of his motion. The affidavit avers in pertinent part that Scheuer, a New Mexico resident, is not licensed to practice law in Colorado and owns no property in Colorado; that he agreed in New Mexico to represent O'Brien on numerous matters pertaining to himself and his business interests, including Artisan, in late March of 1982; that all statements for services were sent to and all fees were received from O'Brien, not Artisan; that ninety-five percent of the telephone calls made by Scheuer to O'Brien did not involve Artisan; and that all meetings with O'Brien concerning Artisan occurred in New Mexico. Attached to this affidavit is a copy of Scheuer's billing statements to James O'Brien, which statements refer to many conferences with O'Brien at unspecified locations and reflect transmittals and telephone calls to O'Brien. After conducting a hearing on petitioner's motion to dismiss, the trial court, citing *Waterval v. District Court*, 620 P.2d 5 (Colo.1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981), denied Scheuer's motion to dismiss.

## II

■ Section 13–1–124(1), 6 C.R.S. (1973), was adopted by the General Assembly to extend the personal jurisdiction of Colorado's courts to their maximum limits permissible under the United States and Colorado Constitutions. *See, e.g., Le Manufacture Francaise v. District Court*, 620 P.2d 1040 (Colo.1980); *Waterval v. District Court*, *supra; Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968). The statute contains the following pertinent language:

(1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(b) The commission of a tortious act within this state. . . .

■ When a non-resident defendant challenges the trial court's long-arm jurisdiction, the party asserting a claim on the basis of the statute must make a prima

facie showing that the trial court may exercise personal jurisdiction over the defendant. *Le Manufacture Francaise v. District Court, supra; Texair Flyers, Inc. v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973). The allegations of the complaint as well as any evidence introduced by the parties at any hearing conducted to determine the jurisdictional issue may be considered to determine whether the plaintiff has established such prima facie showing of jurisdiction. *Le Manufacture Francaise v. District Court, supra.*

■ The initial question here, therefore, is whether plaintiff established a prima facie showing of threshold jurisdiction. The pertinent record before us consists of the pleadings, a transcript of the hearing on the motion to dismiss, certain exhibits and Scheuer's affidavit. The trial court based its conclusion that personal jurisdiction attached on the facts that Scheuer placed numerous telephone calls to O'Brien in Colorado, mailed file notes and billing statements to Colorado, and received funds from Colorado for services rendered. We agree that Scheuer's conduct constituted sufficient minimal contacts with Colorado to satisfy statutory and constitutional requirements.

We have previously indicated that negligent conduct in a foreign state which causes injury in Colorado may be deemed an act committed within Colorado for purposes of the long-arm statute. *Texair Flyers v. District Court, supra; Vandermee v. District Court,* 164 Colo. 117, 433 P.2d 335 (1967). The allegation that Scheuer negligently disbursed Artisan's funds from his trust account satisfies the statutory requirement of the commission of a tortious act within Colorado. We thus turn to the question of whether constitutional due process standards are satisfied here.

■ The "minimum contacts" requirement, which is the litmus test of federal constitutional due process guarantees, is designed to ensure that a proper balance is maintained between the need to protect defendants from being forced to litigate in inconvenient forums and the need to accord independent state sovereigns their full constitutional authority to protect the interests of their citizens. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is a test of reasonableness, requiring delicate balancing of diverse interests in variable factual contexts. *See Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

■ In balancing these interests, we have recognized that a non-resident defendant must commit some act by which it "purposefully avails itself of the privilege of conducting activities" in Colorado to be the legitimate subject of long-arm statute jurisdiction. *Le Manufacture Francaise,* 620 P.2d at 1044 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)). Whether a defendant has purposefully availed himself of the privilege of conducting activities in Colorado depends on the quality and nature of such defendant's conduct in Colorado, as well as the frequency of such conduct. *Le Manufacture Francaise v. District Court, supra.* Indeed, even a single act may in some circumstances satisfy the minimum contact requirement. *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). *See Waterval v. District Court,* 620 P.2d 5 (Colo. 1980); *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975). In *Waterval* we found that the acts of a Virginia attorney, though intermittent rather than continuous in frequency, were of sufficient duration and significance with respect to substantial interests of his Colorado client that he was reasonably subjected to this state's long-arm jurisdiction.

Here, Scheuer allegedly accepted employment as an attorney for a Colorado corporation, conferred by telephone with that corporation's agent concerning the corporation's financial interests which he had been retained to represent, and collected a substantial sum of money pursuant to the directions of his Colorado client as part of

the services for which he sought and received compensation. The evidence here demonstrates that Scheuer's representation of Artisan was continuous from the commencement of his employment to the disputed distribution of the funds; that his communications with O'Brien, the alleged agent of Artisan, continued without interruption from April of 1982 until the disbursement of the funds; and that his acts of depositing and distributing funds and releasing SFDA from any liability to Artisan were of major significance to Artisan's interests. That Scheuer was initially contacted by O'Brien is immaterial; Scheuer accepted the responsibility of representing Colorado clients.

Based upon the allegations of the complaint and the evidence contained in the record, we conclude that Scheuer, as a consequence of his decision to represent Artisan and his conduct subsequent thereto, purposefully availed himself of the privilege of transacting business in Colorado. *Waterval v. District Court, supra; Van Schaack & Co. v. District Court, supra.* In these circumstances, Scheuer should reasonably have anticipated that he would be subject to the personal jurisdiction of Colorado's courts as a consequence of his representation of Artisan.

In *Van Schaack*, we noted that constitutional due process considerations also require a prima facie showing that the asserted claim arise from consequences in Colorado of defendant's alleged activities and that the connection between those activities, or the consequences thereof, and the forum state be sufficiently substantial to render the exercise of personal jurisdiction over the defendant reasonable. Artisan's claims here arise solely from Scheuer's alleged conduct in representing Artisan, which consequences adversely affected Artisan in Colorado. The consequences of Scheuer's representation of Artisan are sufficiently connected to Colorado's sovereign interests in protecting the legal rights of its citizens to satisfy the substantial connection element of the due process test articulated in *Van Schaack*.

For the foregoing reasons, we conclude that the district court correctly determined that it had personal jurisdiction over Scheuer on the basis of section 13–1–124(1), 6 C.R.S. (1973). Therefore, the rule to show cause is discharged and the case is remanded to the district court for further proceedings.