Alex Graf VON PALFFY–ERDOED, Plaintiff-Appellant,

v.

Konstantin BUGESCU, Defendant-Appellee.

No. 85CA0150.

Colorado Court of Appeals, Div. I.

Sept. 26, 1985.

Nunn & Associates, P.C., Leslie E. Nunn, Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Alex Graf von Palffy-Erdoed, brought this action against defendant, Konstantin Bugescu, a non-resident individual, asserting tort and contract claims. The trial court granted defendant's motion to dismiss the complaint on the basis that exercise of personal jurisdiction pursuant to § 13-1-124(1), C.R.S. (1984 Cum.Supp.) was improper and would violate defendant's right to due process of law. We reverse.

The facts pertinent to this appeal, as gleaned from plaintiff's complaint, the parties' briefs, and the trial court's order, are as follows. On May 20, 1983, plaintiff entered into a contract with defendant for the purchase of a used automobile. Execution of the contract, and all negotiations, occurred in California. The contract provided, in part, that plaintiff could not remove the automobile from California without defendant's prior written consent and that defendant could take possession of the automobile, with or without legal process, upon default by plaintiff. It also contained a warranty by defendant that the automobile had not been involved in a collision.

In March 1984, plaintiff moved with the automobile to Colorado without obtaining defendant's prior written consent. However, defendant had been notified of the move, and he continued to accept plaintiff's checks, which were mailed from Colorado, and to correspond with plaintiff in writing regarding contractual increases in monthly payments.

From the time of purchase of the automobile, and while in Colorado, plaintiff incurred substantial repair expenses from repeated breakdowns. Because of this, he had an independent evaluation of the automobile conducted which revealed that it previously had been involved in a collision.

In September 1984, after receiving notification of plaintiff's discovery, defendant, through an agent, had the automobile removed from plaintiff's possession and towed to a repossession lot. Plaintiff filed this action and immediately sought, and was granted, a temporary restraining order

to prevent defendant from removing the automobile from Colorado.

On appeal, plaintiff contends that the trial court's dismissal for lack of jurisdiction was erroneous, arguing that the trial court's jurisdiction over his misrepresentation, conversion, and breach of contract claims is proper under § 13–1–124(1)(a) and (b), C.R.S. (1984 Cum.Supp.), and that defendant had sufficient contacts with Colorado to satisfy due process requirements. We agree.

## I.

◼ The personal jurisdiction of Colorado's courts was extended to the maximum limits permissible under the United States and Colorado Constitutions by enactment of § 13–1–124(1), C.R.S. (1984 Cum.Supp.), which provides that any person who transacts business or commits a tortious act in Colorado, in person or by agent, submits himself to the jurisdiction of the Colorado courts. *Scheuer v. District Court,* 684 P.2d 249 (Colo.1984). When the propriety of "long-arm" jurisdiction is challenged, the party asserting a claim on the basis of the statute must make a prima facie showing that the exercise of personal jurisdiction over the defendant is proper. *Scheuer v. District Court, supra; Le Manufacture Francaise Des Pneumatiques Michelin v. District Court,* 620 P.2d 1040 (Colo.1980).

◼ Under § 13–1–124(1)(a), the transaction of business standard, a nonresident defendant need not be physically present within Colorado in order to transact business herein. *Waterval v. District Court,* 620 P.2d 5 (Colo.1980). Under § 13–1–124(1)(b), the commission of a tortious act standard, jurisdiction may be exercised if the non-resident defendant's tortious act causes injury in Colorado even though such act was committed in a foreign state. *Scheuer v. District Court, supra; Fleet Leasing, Inc. v. District Court,* 649 P.2d 1074 (Colo.1982); *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.*

◼ Here, defendant corresponded with plaintiff through the mails and accepted funds from Colorado in payment for the automobile. Plaintiff suffered repair expense in Colorado, allegedly as a result of defendant's misrepresentation as to the automobile's prior collision. Finally, defendant, through his agent, repossessed the automobile from plaintiff in Colorado. Therefore, plaintiff has established a prima facie showing of threshold jurisdiction under § 13–1–124(1)(a) and (b), C.R.S. (1984 Cum.Supp.). Accordingly, we now address the question whether constitutional due process standards have been satisfied.

## II.

◼ The minimum contacts requirement, which is designed to insure maintenance of a proper balance between the need to protect defendants from being forced to litigate in inconvenient forums and the need to accord independent state sovereigns their full constitutional authority to protect their citizens' interests, must be satisfied in order to protect federal due process guarantees. *Scheuer v. District Court, supra.* Thus, to be the legitimate subject of long-arm jurisdiction, a non-resident defendant must commit some act by which he purposefully avails himself of the privilege of conducting activities in Colorado. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.* In determining whether a non-resident defendant has done so, the quality, nature, and frequency of his conduct in Colorado must be such that he should reasonably anticipate being haled into the Colorado courts. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.*

◼ Here, although defendant did not consent in writing to plaintiff's move to Colorado, following such move, he freely and deliberately chose to continue their contractual relationship. In addition, by an agent, defendant caused plaintiff's automobile to be repossessed in Colorado. This act, and its consequences, give rise to plaintiff's claims of conversion and breach of contract and have a substantial connection

with Colorado. Moreover, the injury allegedly caused by defendant's misrepresentation occurred in Colorado. And, while plaintiff's claim of misrepresentation does not arise directly from the repossession, it is sufficiently related thereto, as well as to defendant's other contacts with plaintiff in Colorado, to render exercise of jurisdiction reasonable. *See Scheuer v. District Court, supra; Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.*

Therefore, in consideration of plaintiff's interest in obtaining convenient and effective relief, as well as the burden placed upon defendant to defend claims asserted in a Colorado court, we conclude that Colorado's assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. Thus, it is consistent with the due process requirements of the Fourteenth Amendment and Colo. Const. art. II, § 25.

Because plaintiff has established a prima facie showing that the exercise of personal jurisdiction over defendant is proper, the failure to perfect service of process does not constitute grounds for dismissal of the complaint. *Bolger v. Dial-A-Style Leasing Corp.,* 159 Colo. 44, 409 P.2d 517 (1966).

The judgment of dismissal is reversed, and the cause is remanded to the trial court with directions to reinstate plaintiff's complaint.

PIERCE and KELLY, JJ., concur.