**PUBLIC WARRANTY CORPORATION,**
Plaintiff–Appellant,

v.

**Wayne L. MULLINS,**
Defendant–Appellee.

Nos. 86CA0884, 86CA1234.

Colorado Court of Appeals,
Div. I.

June 9, 1988.

Fotios M. Burtzos, Wheat Ridge, for plaintiff-appellant.

Wayne L. Mullins, pro se.

TURSI, Judge.

This is a consolidated appeal from two trial court orders dismissing the complaints of Public Warranty Corporation (plaintiff) for lack of jurisdiction over Wayne L. Mullens (defendant). We reverse.

The complaints and the parties' affidavits reveal that defendant was an officer and director of plaintiff, a Colorado corporation. He signed the articles of incorporation in Colorado, and attended at least one directors' meeting here. The home office and bank accounts of plaintiff were kept in Arizona where defendant lived.

The initial complaint alleged five causes of action related to defendant's actions as a corporate officer and his use of corporate funds. Plaintiff served process upon defendant in Arizona, alleging in the complaint that he was subject to the Colorado court's jurisdiction pursuant to § 13–1–124, C.R.S. (1987 Repl.Vol. 6A), the "Long–Arm Statute," because he had "transacted business on [a] regular basis [in] Colorado." The complaint further alleged that defendant had been a director and officer of plaintiff. The district court dismissed the initial complaint, finding that plaintiff had failed to make a prima facie showing to support long-arm jurisdiction.

Thereafter, plaintiff filed another complaint alleging the same causes of action. This complaint, however, was served on defendant when he appeared in Colorado to defend against an action brought by a different Colorado corporation with the same directors and officers as plaintiff. On defendant's motion, the court quashed the service of process and dismissed the complaint without specific findings.

Plaintiff contends that the court's finding that it lacked long-arm jurisdiction is erroneous. We agree.

Section 13–1–124 subjects a person to the jurisdiction of the Colorado courts if he engages in certain activities in Colorado, including "[t]he transaction of any business within this state." The statute's purpose is to extend the Colorado courts' jurisdiction to the maximum limits constitutionally permissible. *Scheuer v. District Court*, 684 P.2d 249 (Colo.1984). Generally, a non-resident's activities subject him to long-arm jurisdiction if the "quality, nature, and frequency of his conduct in Colorado [is] such that he should reasonably anticipate being haled into the Colorado courts." *Von Palffy–Erdoed v. Bugescu*, 708 P.2d 816 (Colo. App.1985) (citing *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo.1980)).

Here, defendant's sole contact with Colorado was when he became an officer and director of a Colorado corporation, and when he attended meetings here in that capacity. However, a reasonable person should anticipate the possibility of being subject to the jurisdiction of the Colorado courts as a result of holding office or being a director in a Colorado corporation. Therefore, we hold that an individual who has become an officer or a director of a

Colorado corporation has sufficiently transacted business within the state to subject himself to the jurisdiction of its courts with respect to claims made by the corporation or by others on behalf of the corporation arising out of his duties as an officer or director. Accordingly, because the first complaint at issue here contained claims against the defendant as an officer and a director of plaintiff, its allegations were sufficient to establish a *prima facie* case of jurisdiction, and the trial court erred in dismissing it.

Similarly, the second complaint also contained sufficient allegations to establish long-arm jurisdiction and, thus, should not have been dismissed. Because of this disposition, we do not address plaintiff's other contention of error dealing with service of process to an individual in the state solely as a witness in another action.

The orders of dismissal are reversed and the causes are remanded to the district court with instructions to reinstate the claims for relief in one consolidated action.

PIERCE and PLANK, JJ., concur.