**MARQUEST MEDICAL PRODUCTS, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**DANIEL, McKEE & COMPANY, a North Carolina corporation, Loyd R. Daniel, Jr., John G. Ratliff and Barton L. Tiffany, Defendants–Appellees.**

No. 89CA0136.

Colorado Court of Appeals, Div. II.

March 29, 1990.

Holme Roberts & Owen, John R. Webb and David Bruce Wilson, Denver, for plaintiff-appellant.

Hall & Evans, Carol M. Welch and John E. Bolmer, II, Denver, for defendants-appellees.

Opinion by Judge SMITH.

Plaintiff, Marquest Medical Products, Inc., appeals the judgment of the trial court dismissing its lawsuit for lack of personal jurisdiction. We reverse and remand with directions.

Plaintiff, a Colorado corporation, brought this action against defendants Daniel, McKee & Company, a North Carolina certified public accounting firm, and Loyd R. Daniel, Jr., John G. Ratliff, and Barton L. Tiffany, three of its certified public accountants. The complaint alleged negligent misrepresentation, professional negligence, and breach of contract by defendants. Service of process was accomplished in North Carolina pursuant to the provisions of the Colorado long-arm statute, § 13–1–124, C.R.S. (1987 Repl.Vol. 6A).

Defendants filed a motion to quash service of process and to dismiss the complaint, alleging that the Colorado court lacked personal jurisdiction over them. On the basis of plaintiff's allegations, the trial court implicitly found that the "tortious conduct" standard of § 13–1–124(1)(b), C.R.S. (1987 Repl.Vol. 6A) had been satisfied. However, the trial court determined that because defendants had performed no work in Colorado, had conducted no meetings in Colorado, and had no agents or offices in Colorado, they did not have the "regular contacts" with the state necessary to make the exercise of jurisdiction consistent with the constitutional requirements of due process.

## I.

■ Plaintiff first contends that the trial court erred in concluding that defendants' contacts with Colorado were insufficient to satisfy the due process requirements for long-arm jurisdiction. We agree.

An assertion of personal jurisdiction over an out-of-state defendant must satisfy both the requirements of the Colorado long-arm statute and the requirements of due process of law. *D & D Fuller CATV Construction, Inc. v. Pace,* 780 P.2d 520 (Colo. 1989).

Section 13–1–124(1)(b), C.R.S. (1987 Repl. Vol. 6A), provides that a nonresident who commits a tortious act within this state submits himself to the jurisdiction of Colorado courts concerning any cause of action arising from that conduct. For purposes of that sub-section, allegations of tortious conduct in another state which causes injury in Colorado have been held to constitute a prima facie showing of a tortious act within Colorado. *See Jenner & Block v. District Court,* 197 Colo. 184, 590 P.2d 964 (1979); *Texair Flyers, Inc. v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973).

"Frequently, the commission of a tort, in itself, creates a sufficient nexus between the defendant and the state so as to satisfy the due process inquiry. *In such cases there is no need to further engage in a minimum contacts analysis, because the defendant is so connected with the forum state that traditional notions of fair play and substantial justice are not offended by the state's exercise of jurisdiction.*"

*D & D Fuller CATV Construction, Inc. v. Pace, supra* (emphasis supplied).

Here, the factual allegations set forth in plaintiff's complaint and in its affidavits in opposition to defendants' motion to dismiss assert that defendants directed numerous representations concerning one of their client company's financial conditions to plaintiff's officers in Colorado and that, in reliance upon those representations, plaintiff shipped over $2 million worth of goods from Colorado under a credit agreement negotiated between plaintiff and defendant's client. Plaintiff further claims to have suffered over $2 million of economic injury as a proximate result of its reliance on defendants' negligent representations

concerning their client's financial condition. Except as to who initiated certain phone calls these facts are essentially undisputed.

As in *D & D Fuller CATV Construction, Inc. v. Pace, supra,* Colorado was the focal point of both defendants' actions and the effects of those actions, even though some of the communications between the parties took place in Florida and North Carolina. Therefore, we conclude that defendants should have reasonably anticipated being called into court in Colorado to answer allegations of tortious conduct and that it does not offend notions of fair play and substantial justice to require defendants to defend against this lawsuit in Colorado. *See D & D Fuller CATV Construction, Inc. v. Pace, supra; Von Palffy–Erdoed v. Bugescu,* 708 P.2d 816 (Colo.App. 1985).

## II.

■ Plaintiff also contends that the trial court erred in ruling that the corporate defendant, Daniel, McKee & Co., is not subject to personal jurisdiction in Colorado under the "doing business" section of the long-arm statute. We agree.

Section 13–1–124(1)(a), C.R.S. (1987 Repl. Vol. 6A) confers on Colorado courts jurisdiction of any cause of action arising from "the transaction of any business within this state." In *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (Colo. 1975), our supreme court announced three criteria to define the outer limits of *in personam* jurisdiction based on a single act:

"(1) The defendant must purposefully avail himself of the privilege of acting in the forum state *or of causing important consequences* in that state;

"(2) The cause of action must arise from the consequences in the forum state of the defendant's activities; and

"(3) The activities of the defendant *or the consequences of those activities* must have a *substantial* enough *connec-*

*tion* with the forum state to make the exercise of jurisdiction over the defendant reasonable." (emphasis supplied)

*See also Waterval v. District Court,* 620 P.2d 5 (Colo.1980); *Giger v. District Court,* 189 Colo. 305, 540 P.2d 329 (1975).

In *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the U.S. Supreme Court declared:

"It is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines ... So long as a commercial actor's efforts are 'purposefully directed' toward residents of another state, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."

Here, plaintiff alleged that (1) defendants purposefully induced plaintiff to rely on defendants' representations which resulted in the extension of more than $2 million worth of credit and the shipment of more than $2 million worth of products from Colorado to defendants' client; (2) plaintiff's cause of action arose from the $2 million loss in Colorado that was a consequence of defendants' allegedly false representations; and (3) the consequences of defendant's activities, including plaintiff's credit sales agreement with defendants' client, had a substantial connection with Colorado.

Moreover, the affidavits of plaintiff's president and its chief financial officer sufficiently asserted that the quality and nature of defendants' communications with plaintiff could not be viewed as random, isolated, or fortuitous since they included seven face-to-face meetings in two states, one mailing, and 28 phone calls over a four-month period some initiated by each individual defendant. We conclude that these alleged contacts were sufficient to satisfy both the transaction-of-business standards under *Van Schaack & Co. v. District Court, supra,* and *Waterval v. District Court, supra,* plus the due process requirements of *Burger King v. Rudzewicz, supra.*

Having concluded that the Colorado court has jurisdiction under the "long arm" statute we conclude that it is unnecessary for us to address plaintiff's other assertions.

The judgment of dismissal is reversed and the cause is remanded with directions to reinstate plaintiff's complaint.

MARQUEZ and HODGES * JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).