John DOE, Plaintiff,

v.

NATIONAL MEDICAL SERVICES, Defendant.

No. 89–B–1248.

United States District Court, D. Colorado.

Oct. 23, 1990.

Craig M. Cornish, Colorado Springs, Colo., Barry D. Roseman, Denver, Colo., for plaintiff.

Peter R. Bornstein, Kenneth S. Kramer, Berenbaum & Weinshienk, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In this diversity action, defendant National Medical Services (NMS) moves to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons stated below, NMS's motion to dismiss for lack of personal jurisdiction is granted.

### I.

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Prior to trial, a plaintiff need only make a prima facie showing of jurisdiction. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor. *Id.*

The complaint and the affidavits filed here show the following. Doe, a nurse, is a resident and a citizen of Colorado. In 1988 he entered a substance abuse treatment program affiliated with his employment as a nurse at Parkview Episcopal Hospital (Parkview) in Pueblo, Colorado. After completing the program in March of 1988, he returned to work at Parkview. A condition of his employment was that he submit to random urine testing. Doe provided the urine samples requested of him.

Smith–Kline Bio–Sciences Laboratories (Smith–Kline) had a contract with Parkview Episcopal Hospital "to test urine specimens collected by Parkview for certain controlled substances." Complaint ¶ 7. In turn Smith–Kline contracted with NMS to test two specimens provided by Doe. NMS reported positive results to Smith–Kline, who then reported these results to Parkview. Parkview discharged Doe and reported the positive test results to the Colorado Board of Nursing and a prospective employer. Doe sued NMS, alleging in Count I that it was reckless and negligent in performing the tests and in Count II that the "state-

ments published were false and defamatory."

The following facts are undisputed. NMS is a clinical and forensic toxicology laboratory which is incorporated in Pennsylvania. Its only place of business is located in Pennsylvania. NMS does not maintain an office in Colorado. It has no property in Colorado. It has no agents, local representatives or employees in Colorado. It does not solicit any business in Colorado, even by telephone.

Between July 1984 and July 1989 NMS performed drug tests for four Colorado companies. 3493 tests were performed at a total cost of approximately $810,000.00. This business was obtained by word of mouth.

The testing in this case was not done by NMS at the request of any of these companies. Rather, it was done at the request of Smith–Kline, a company based in Van Nuys, California. Doe's urine samples were sent to NMS from California. NMS did not know that the samples had been collected in Colorado or that any results would be reported back to persons or entities in Colorado.

## II.

■ Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state. *Yarbrough v. Elmer Bunker & Assocs.,* 669 F.2d 614, 616 (10th Cir.1982). In Colorado, an assertion of personal jurisdiction over a nonresident defendant must satisfy both the requirements of Colorado's longarm statute, Colo.Rev.Stat. § 13–1–124, and the requirements of due process. *D & D Fuller CATV Constr., Inc. v. Pace,* 780 P.2d 520, 523 (Colo.1989).

■ Colo.Rev.Stat. § 13–1–124(1)(b) subjects a defendant to personal jurisdiction in an action arising out of "[t]he commission of a tortious act within" Colorado. "[T]o exercise jurisdiction pursuant to section 13–1–124 over a nonresident defendant in a tort action, the injury itself must have occurred in Colorado, even if the negligent conduct ... occurred in another state." *McAvoy v. District Court,* 757 P.2d 633, 635–36 (Colo.1988). The injuries alleged here, including loss of employment, occurred in Colorado. Thus, the requirements of section 13–1–124(1)(b) are met.

■ The exercise of personal jurisdiction must also comport with due process. Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Doe argues jurisdiction comports with due process based on both "specific jurisdiction" and "general jurisdiction."

## A.

■ Specific jurisdiction arises where personal jurisdiction is exercised over a defendant in a suit arising out of or related to that defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984); *Rambo v. American Southern Ins. Co,* 839 F.2d 1415, 1418 (10th Cir.1988). In this instance, due process in not violated where a defendant " 'purposefully avails itself of the privilege of conducting activities within the forum State.' " *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (quoting *Hanson v. Denckla,* 357 U.S. 235, 252, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)); *see also Waterval v. District Court,* 620 P.2d 5 (Colo.1980), *cert. denied,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).

■ The Supreme Court has rejected the proposition that due process is satisfied by the mere foreseeability that a defendant's product might be used in the forum state. *World–Wide Volkswagen,* 444 U.S. at 295–96, 100 S.Ct. at 566–67. However, "foreseeability is [not] wholly irrelevant. [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's

conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567.

Applying these principles in this case, there is a dearth of significant contacts with Colorado. NMS performed two drug tests for a California company and sent the results to California. It had no reason to suspect that these results would be communicated to persons or entities in Colorado. In dealing solely with a California company, NMS has not purposefully availed itself of the privilege of conducting activities within Colorado. NMS's conduct and connection with Colorado concerning these drug tests are such that it should not reasonably anticipate being haled into court here.

That NMS performed drug tests for several Colorado companies does not change this analysis. This is not a suit arising out of or relating to those contacts. Thus, NMS's business with Colorado companies is irrelevant to the issue of specific jurisdiction. These contacts are more properly analyzed under the rubric of general jurisdiction. I hold that Doe has failed to make a prima facie showing of specific jurisdiction because exercise of specific jurisdiction violates due process.

### B.

Doe also argues that personal jurisdiction over NMS satisfies due process based on the principles of general jurisdiction. General jurisdiction arises where personal jurisdiction is exercised over a defendant in a suit that does not arise out of or relate to the defendant's contacts with the forum state. *Helicopteros,* 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9; *Rambo,* 839 at 1418. *Behagen,* 744 F.2d at 733. *See also Waterval,* 620 P.2d at 9.

■ As with specific jurisdiction, general jurisdiction is analyzed in terms of contacts. However, more extensive contacts are required. The contacts must be "continuous and systematic." *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873.

In *Helicopteros,* the defendant did not have a place of business in the forum state of Texas and was not licensed there. Its only contacts with Texas were sending its CEO there to negotiate a contract, accepting checks drawn on a Texas bank, purchasing helicopters, equipment, and training services from a Texas company, and sending personnel to Texas for training. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873. The Supreme Court held that these contacts were insufficient to satisfy the requirements of due process. *Id.* at 418–419, 104 S.Ct. at 1874–1875.

■ Here, there are fewer contacts. NMS has not negotiated any contracts while in Colorado. There is nothing to suggest that it has purchased any equipment or services from Colorado. It has not sent any personnel to Colorado for training. Furthermore, it maintains no offices in Colorado and solicits no business here. While it does have four Colorado clients, that business was gained through word of mouth. "Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros,* 466 U.S. at 417, 104 S.Ct. at 1873. I hold that Doe has failed to make a prima facie showing of general jurisdiction because, again, the exercise of personal jurisdiction over NMS violates due process.

Personal jurisdiction is lacking. Consequently, I need not address NMS's other motion.

Accordingly, it is ORDERED that NMS's motion to dismiss for lack of personal jurisdiction is GRANTED.