**CUSTOM VINYL COMPOUNDING, INC., Plaintiff,**

v.

**BUSHART & ASSOCIATES, INC., Arlene Irmen, and Thomas E. Gretler, Defendants.**

**Civ. A. No. 92–F–450.**

United States District Court, D. Colorado.

April 15, 1992.

Glen A. Burbridge, Timothy J. Judson, Rothgerber, Appel, Powers & Johnson, Denver, CO, Michael N. Sheetz, Mark J. Sampson, Gadsby & Hannah, Boston, MA, for plaintiff Custom Vinyl Compounding, Inc.

Carl F. Eiberger, Raymond W. Martin, Paul F. Hodapp, Eiberger, Stacy, Smith & Martin, Denver, CO, David V. Miller, Bowers, Harrison, Kent & Miller, Evansville, IN, for defendants/third-party plaintiffs Arlene Irmen and Thomas E. Gretler.

Robert Hardy Falk, John E. Richards, Geary, Glast & Middleton, P.C., Dallas, TX, for third-party defendant Occidental Chemical Corp.

## ORDER DENYING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Defendant Bushart & Associates' Motion to Dismiss, and Defendant Gretler's Motion to Dismiss, each filed March 26, 1992. Each motion alleges lack of personal jurisdiction. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 (West 1966 & Supp.1991). The motions have been fully briefed by the litigants. For the reasons stated below, each motion is hereby DENIED.

### I.

Plaintiff Custom Vinyl Compounding, Inc. ("Custom Vinyl"), a Colorado corporation, filed the instant action on March 11, 1992. Defendant Bushart & Associates, Inc. ("Bushart") is a Texas corporation. Defendant Thomas Gretler is a natural person and citizen of Indiana. Defendant Arlene Irmen is a natural person and citizen of Illinois.[1]

From 1986 through December 31, 1991, Custom Vinyl engaged in the manufacture and sale of polyvinyl chloride compounds. Each of the Defendants entered into agreements with Plaintiff to serve as sales representatives for territories outside Colorado. In December 1991, Custom Vinyl sold its manufacturing facility to Occidental Chemical Corporation ("Oxychem"). Custom Vinyl purported to cancel its relation-

---

1. Defendant Irmen has not filed a motion.

ship with Defendants pursuant to the termination provisions contained in the agreements. Defendants informed Custom Vinyl that they objected to the terms of the termination.

Plaintiff seeks a declaratory judgment holding that Defendants are not entitled to receive additional commissions from Custom Vinyl. Defendants Bushart and Gretler move to dismiss for lack of personal jurisdiction.

## II.

■ Personal jurisdiction is the power to subject a particular defendant to the decision of a court. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1113 (Colo. 1991). To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, we look to the law of the forum state, Colorado. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991). In Colorado, an assertion of personal jurisdiction must satisfy both the requirements of its long arm statute, Colo.Rev.Stat.Ann. § 13–1–124 (Bradford 1987), and the requirements of due process. *Doe v. National Medical Servs.*, 748 F.Supp. 793, 795 (D.Colo.1990); *D & D Fuller CATV Constr., Inc. v. Pace*, 780 P.2d 520, 523 (Colo.1989).

■ Colorado's long arm statute subjects a defendant to jurisdiction for the transaction of any business within this state. Colo.Rev.Stat.Ann. § 13–1–124(1)(a) (Bradford 1987). Under due process principles, a defendant must have minimum contacts with the forum state such that maintenance of the suit would not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Under Colorado law, we may assert jurisdiction to the fullest extent permitted by the due process clause of the fourteenth amendment. *Waterval v. District Court*, 620 P.2d 5, 8 (Colo.1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).

■ Colorado has adopted a three prong test when analyzing questions of in personam jurisdiction. Although Plaintiff need only make a prima facia showing of jurisdiction, *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985), Plaintiff also has the burden of satisfying the three prong test. *See Fidelity & Casualty Co. v. Philadelphia Resins Corp.*, 766 F.2d 440, 443 (10th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986). First, Defendants must purposefully avail themselves of the privilege of acting in Colorado. *See Hanson v. Denckla*, 357 U.S. 235, 252, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Second, the claim for relief must arise from the consequences in Colorado of the Defendants' activities. Finally, the Defendants' activities or their consequences must have a substantial enough connection with Colorado to make the exercise of jurisdiction reasonable. *Alameda Nat'l Bank v. Kanchanapoom*, 752 F.Supp. 367, 369 (D.Colo.1990); *Kingston v. Brussat*, 698 F.Supp. 215, 216 (D.Colo.1988); *Van Schaack & Co. v. District Court*, 189 Colo. 145, 538 P.2d 425, 426 (1975).

### A.

■ Under the first prong, we believe that Defendants Bushart and Gretler have purposefully availed themselves of the forum state. In evaluating purposeful availment, we consider the quality and nature of the contacts with Colorado, as well as the frequency of such conduct. *Von Palffy–Erdoed v. Bugescu*, 708 P.2d 816, 818 (Colo.App.1985). While Defendant may not have been present in Colorado, physical presence is not required. *Waterval*, 620 P.2d at 8. A single act may satisfy this requirement. *Scheuer v. District Court*, 684 P.2d 249, 251 (Colo.1984). Affidavits reveal that Defendants often made contact with Plaintiff by telephone and mail, placed customer orders in Colorado, and attended meetings at Custom Vinyl's Colorado headquarters.[2] Such contacts, over a period of

---

**2.** Both Plaintiff and Defendants submitted affidavits. To the extent that factual conflicts exist

several years, convinces us that the quality, nature, and frequency of this activity furnish enough to show that Defendants purposefully availed themselves of the forum state. *Waterval*, 620 P.2d at 8. Considering that so much of modern commercial life is transacted solely by mail and telephone, we believe that Bushart and Gretler purposefully directed themselves to Colorado. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Marquest Medical Prods., Inc. v. Daniel, McKee & Co.*, 791 P.2d 14, 16 (Colo.App.1990).

## B.

We are also persuaded that the claim for relief arises from consequences in Colorado of the Defendants' activities. Plaintiff is suing for a declaratory judgment relating to sales commissions claimed by former sales representatives. Thus, a dispute over sales commissions would cause financial injury to Custom Vinyl in Colorado. Such economic ramifications support a finding that Plaintiff's cause of action emanates from Defendants' conduct. *Marquest*, 791 P.2d at 16.

## C.

We also find that the Defendants' activities or their consequences have a substantial enough connection with Colorado to make the exercise of jurisdiction reasonable. Defendant placed orders for Plaintiff's product and did business with Plaintiff over a period of several years. The consequences of the dispute between Plaintiff and Defendant have a substantial enough connection with Colorado to make the exercise of jurisdiction reasonable. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). The connection is not so isolated or attenuated that the establishment of jurisdiction would be unjust. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490

between the submissions, we must resolve all disputes in Plaintiff's favor. *Behagen*, 744 F.2d

(1980). We find that the exercise of jurisdiction would be reasonable.

## III.

Defendants also have moved to quash service of process. Bushart was served in Texas. Gretler was served in Indiana. Colo.R.Civ.P. 4(f)(1) and (2) (Bradford 1990) authorize out-of-state service on natural persons and corporations. As we have determined that Bushart and Gretler are subject to the jurisdiction of this Court, out-of-state service was appropriate.

## IV.

The Court is concerned that an action purportedly dealing with the same subject matter as this case was filed by Bushart in Texas prior to the filing of this lawsuit. Although the Court has insufficient information at present to address this issue, Plaintiff and Defendant Bushart should be prepared to discuss venue at the Discovery Conference set for Tuesday, May 5, 1992.

## V.

### ORDER

Accordingly, it is hereby ordered:

1) Defendant Bushart's Motion to Dismiss, filed March 26, 1992, is DENIED.

2) Defendant Gretler's Motion to Dismiss, filed March 26, 1992, is DENIED.

3) Each party is DIRECTED to bear its own costs.